## SALLY FISH *vs.* ADOLPHUS BANGS.

At the tria. upon a writ of entry the tenant introduced a deed from the demandant to a third person of other land, and argued to the jury that a recital contained in it supported his title ; the demandant then argued that the recital was opposed to the tenant's claim; whereupon the tenant asked a ruling, which was refused, that the recital could not be used to affect his title. *Held*, that the tenant having himself introduced the deed, and argued the effect of the recital, could not then object that it was not evidence.

At the trial upon a writ of entry the tenant claimed title from the demandant by a deed containing a recital that "the grant includes a right of way on the west side of said premises," and the bounds of the land conveyed being in dispute, asked a ruling, which was refused, that this was a right of way over land conveyed in fee. *Held*, that the ruling was rightly refused as it did not appear to have any bearing upon the point in issue.

At the trial upon a writ of entry the tenant, who claimed title from the demandant through the demandant's deed to A., and a deed from A. to himself, the issue being whether the deeds included the demanded premises, introduced a deed from A. to a third person conveying a right of way over the premises, and requested a ruling, which was refused, that A. could lawfully grant such right of way. *Held*, that the ruling was properly refused as it did not appear to have any bearing upon the point in issue.

At the trial upon a writ of entry, where the demandant claimed under an assignment of dower, and the tenant under a deed from the demandant, the issue being whether the deed included the demanded premises, the tenant requested a ruling, which was refused, as to the demandant's right under the assignment of dower to have a building stand on land the title to which was not in controversy. *Held*, that the ruling was rightly refused as it did not appear to have any bearing upon the point in issue.

WRIT OF ENTRY to recover a strip of land about sixteen feet in width and one hundred in length, situated in Athol.

At the trial in the Superior Court, before *Dewey*, J., the demandant introduced in evidence an assignment to her of dower which included the demanded premises, " and also the remaining part of the corn barn through which the line passes, with the privilege of it standing where it now does so long as it may be convenient for the widow."

The tenant put in evidence a deed from the demandant as guardian of her minor children to one Phillips, made subsequently to the assignment of dower, and proved title from Phillips to one Twichell, and from Twichell by other mesne conveyances to himself. The deed to Phillips recited that " the grant includes a right of way on the west side of said premises to remain open and in common as it now is.' The western boundaries of the land conveyed by this deed were in dispute, the tenant contend-

ing that they did, and the demandant that they did not include
the land in suit, and it was admitted that the demandant had
proved a title to the demanded premises as " tenant in dower and
also in fee," unless they were included in this deed.

The tenant also introduced a deed of land adjoining the de-
manded premises on the west, made to one John C. Hill by the
demandant as guardian, which deed, after the description of the
premises conveyed, contained this recital : " Forty feet in width,
on the east side of said lot, has been assigned to and was held by
said Sally Fish as tenant in dower."

The tenant also put in evidence a deed from Twichell to the
Miller's River Bank, made while Twichell was the owner of the
premises conveyed by the demandant to Phillips, the Miller's
River Bank then owning the premises conveyed by the demand-
ant to Hill.   This deed conveyed " the right of passageway over
a strip of land twenty-five feet wide east of and adjoining the lot
which said bank have this day purchased of John C. Hill, and
on which they propose to erect a banking house, for the purpose
of going from the highway to any part of their said lot of land,
and I also grant to the president, directors and company of said
bank, that no building or buildings shall at any time hereafter
forever be erected or located on any part of the land over which
I have granted them the right of way as aforesaid, that is to
say, that no building or. buildings shall ever be located on the
east side of said lot within twenty-five feet from the east line
thereof."

The tenant's counsel argued to the jury, that the recital in the
deed of the demandant to Hill, as to the extent of her dower,
furnished evidence in support of the tenant's title to the de-
manded premises.   The demandant's counsel argued that the
recital was more consistent with the claim of the demandant.
No other use was made of this deed at the trial.

The tenant's counsel argued to the jury that Twichell could
not have granted the right of way to the bank if the demandant
had owned the land in dispute, as it would be a violation of the
demandant's rights, but her counsel replied that on the claim of
the tenant that Twichell then owned the land in dispute, and

that the demandant had a right of way over it, such a grant to the bank would be a violation of the demandant's rights.

The tenant, among other things, asked the court to instruct the jury:

1. That the recital in the deed of the demandant to Hill, as to the portion of the grant covered by her dower estate, could not be used to affect the title of the tenant.

2. That the right of way described in the demandant's deed to Phillips did not " limit a right of way to the grantor and grantee," but that the true construction of it was that a right of way was reserved to the grantor over land conveyed in fee to the grantee.

3. That if Twichell held the fee in the demanded premises, and the demandant had a right of way over them, he could lawfully grant a right of way to the bank.

4. That the reservation in the assignment of dower allowing the corn barn to stand upon land not included within the bounds of the land assigned as dower, did not authorize the demandant to maintain the barn where it stood at the time of the assignment of dower, after the deed to Phillips of the land whereon it stood.

The court declined to give these instructions, but gave the other instructions asked for by the tenant. The jury returned a verdict for the demandant, and the tenant alleged exceptions.

*P. E. Aldrich*, for the tenant.

*H. B. Staples & F. P. Goulding*, for the demandant.

DEVENS, J. To the instructions as given in this case by the presiding judge no exception was taken, and we must therefore consider that so far as they went they were intelligible, correct, and adapted to the case which the jury were investigating. It is contended, however, that the judge erred in failing to instruct at all upon certain points requested by the tenant. It is the duty of the tenant to show us by his bill of exceptions, which should contain a sufficiently full statement of the facts for this purpose, that such rulings as he asked for were not only correct in point of law but were important to a proper decision of the case. The necessary tendency of instructions, even if correct, which are

irrelevant to the issue, is to confuse a jury and draw their minds from the questions immediately before them to other and unim‑ portant considerations. It is not the duty of a presiding judge to rule on those matters foreign to the issue which often become the subject of debate between counsel at the bar, or to give in‑ structions upon abstract questions. *Fuller* v. *Ruby*, 10 Gray, 285. *Hewes* v. *Hanscom*, 10 Gray, 336. *Hackett* v. *King*, 8 Allen, 144. *Eastman* v. *Crosby*, 8 Allen, 206. *Burke* v. *Savage*, 13 Allen, 408.

The action was a writ of entry, brought to recover a strip of land of about sixteen feet in width and one hundred feet in length, situate in the town of Athol. The demandant, Sally Fish, who claimed title thereto by virtue of an assignment of dower in the estate of her deceased husband, had, as guardian to her minor children, subsequently to such assignment, on April 1, 1848, made a deed of certain premises to one Phillips. This estate became vested by sundry mesne conveyances in the tenant. The tenant claimed that the demanded strip was included in the de‑ scription of the premises in the deed to Phillips. At the trial it was conceded that the tenant had a valid title to and lawful possession of all which was thus conveyed to Phillips. It was also admitted that the demandant, unless her estate in the de‑ manded strip had thus been parted with, showed a title as ten‑ ant in dower and also (as the exceptions state, but in what way does not appear) as tenant in fee in the demanded premises. It was therefore a question of boundary, and as to the boundaries of the premises conveyed by the Phillips deed, the western one of which would seem to have been the only one in dispute, there was conflicting evidence. In order to maintain his case the ten‑ ant introduced a deed made by the demandant as guardian of her minor children to John C. Hill, dated May 24, 1854, convey‑ ing their rights in a certain piece of land which, as the tenant claimed, lay westerly of the disputed strip. This deed contained a recital to the effect that forty feet in width upon the east side of the premises, the right of the minor children in which was con‑ veyed thereby, had been assigned to and was held by said Sally Fish as tenant in dower. At the closing argument the tenant's

counsel contended that the recital in the deed of Fish to Hill furnished evidence in support of the tenant's title to the demanded premises. The demandant's counsel argued that said recital was more consistent with the claim of the demandant, and no other use was made of it. The tenant's counsel requested the court to instruct the jury that the recital in the deed of the demandant to John C. Hill, as to the portion of that grant covered by her dower, could not be used to affect the title of the tenant. The first exception is to the refusal to give this instruction. While it is true that recitals in a subsequent deed by a party cannot be used to control his former conveyance, it does not seem that this was allowed to be done in this case, or that there was anything which called upon the judge to give the instruction requested. The tenant had himself introduced this deed in evidence, and had relied upon the recitals of it in argument to support his theory of the case, and the demandant's counsel had argued that such recitals were more consistent with the claim of the demandant, and this was all the use he had made of it. The recital had never been put in evidence in support of the demandant's claim, and in this position of the case it does not seem to us that the tenant could fairly ask of the court a ruling that the recital in the deed, introduced by him and argued upon by him, was not evidence.

Nor do we see that the question as to what was the character of the right of way described in demandant's deed to Phillips, the failure to instruct upon which forms the subject of the tenant's second exception, arose in this case, or had any bearing upon its decision. That deed contained certain provisions as to a right of way which both parties agreed was over the premises conveyed by the deed, and not on land outside of or beyond it.

Twichell, one of the intermediate grantees through whom the tenant claimed, had assumed to grant, as it would seem from the bill of exceptions (although this is not clearly stated), a right of way over the demanded strip. It was contended by the tenant in his argument that he could not have done this if demandant had owned the disputed land, as it would have been a violation of her rights; on the other hand, the demandant's counsel replied in

substance that even if Twichell owned the disputed land, as the demandant had the right of way over it described in the deed, it would still be a violation of her rights.   The tenant's counsel then requested from the court a ruling as to the construction of this deed in reference to the right of way described in it, which the court declined to give, as we think, properly.   The trial was not about this right of way in any manner, and the right of way described in that deed or reserved to the grantor by it, was not before the court, for discussion.   We do not think it could properly be brought there so as to require from the presiding judge a ruling upon its nature and extent, by a debate at the bar upon the question whether (assuming that Twichell, the intermediate grantee, had owned the disputed strip) it would or would not be a violation of the demandant's right of way while so owning it to convey to another also a right of way.   Its inevitable tendency was to draw the attention of the jury from the true question, which was whether or not the disputed strip was within the boundaries of the description in the deed of the demandant, to one entirely immaterial.

The fourth exception cannot be sustained.   Whether the reservation, which is found in the assignment of dower under which demandant claimed, of a right to have the corn barn stand upon land not included in the dower limits, did or did not authorize the demandant to maintain the corn barn where it stood at the time of the assignment of dower, after her deed to Phillips, did not, so far as we can perceive from the bill of exceptions, affect in the slightest degree the matter in issue.

*Exceptions overruled*