MOWBRAY V. CADY.

Contract: CONDITIONAL SALE. Under a contract for the sale of a watch by the terms of which the seller was to carry it thirty days, after which the sale should be consummated if the watch proved to be satisfactory: *Held*, that the transaction did not constitute a conditional sale until the thirty days had expired, and that, before that time, the watch was not subject to seizure in the hands of the party intending to purchase.

*Appeal from Poweshiek Circuit Court.*

WEDNESDAY, JUNE 16.

On the 8th of November, 1873, plaintiff commenced before C. A. Meredith an action of replevin for a certain Waltham watch of the value of $45.00. On the 10th day of the same month, the parties agreed that Thomas Cady, constable, might be substituted as defendant. On November 15th, 1873, a jury trial was had in said justice's court, and verdict was returned, and judgment was entered for plaintiff. The cause was appealed to the Circuit Court, and on the trial the court made a finding of facts which is as follows:

"1. That on or about the 10th day of October, 1873, the plaintiff entered into an agreement in writing with one Charles Legg, as follows: ' This is to certify that I have this day allowed Mr. Charles Legg to take and carry a Waltham Watch Co. movement in a 4-ounce silver hunting case; the conditions

are that he is to have 30 days' trial of said watch, and it is to remain the property of Charles H. Spencer, the owner, until the watch is returned at the end of 30 days, if not found satisfactory, or a bill of sale is given him. · If satisfactory, he is to pay $15 down and to pay $5 per month ·till the balance is paid —the price being $42.50, and the bill of sale is to be given on the payment of the last payment. M. D. MOWBRAY, · ·

Agent for the stock of watches and jewelry now owned· by Charles H. Spencer. CHAS. LEGG.' "

October 10th, 1873.

" 2. That in pursuance of said agreement the plaintiff, as agent of Charles H. Spencer, delivered to said Legg the watch in suit—Legg, at the time, paying nothing, and has never since paid anything on the the contract.

" 3. That prior to the expiration of the 30 days from the time of the delivery of the watch to Legg, the defendant who. is an acting constable in and for said county, levied upon the same under and by virtue of an execution issued on a judgment in favor of one W. A. Chapman, and against said Chas. Legg, and, at the time the watch in said suit was replevied, he was holding it by virtue of said levy. ·

" 4. That after said Legg obtained possession of the watch as before stated, and before the levy, he represented to various parties that he had purchased the same and paid $42.50 therefor, and offered to sell it or trade it to various parties.

" 5. That, at the time of the levy, the watch was in the hands of Champion, where it had been left on trial and for safe keeping for a few days by Legg while he was at work in the country, a few miles away. Champion, at the time the watch was so left with him, supposed it to be the property of Legg.

" 6. That the value of the watch was $45.00.

"7. That prior to the commencement of this suit, plaintiff made a demand of defendant for the watch, which was refused."

And as conclusions of law from the foregoing facts the court found the following:

" 1. That while the contract between plaintiff and Legg may have been a conditional sale, yet the defendant is not a

purchaser or creditor without notice within the meaning of section 1922 of Code of 1873.

"2. That plaintiff had the right to reclaim. the watch at any time prior to a sale under the levy."

Judgment was rendered for plaintiff. Defendant appeals.

*Clark Varnum*, for appellant.

*W. R. Akers* and *Seevers & Cutts*, for appellee.

DAY, J.—Section 1922 of the Code of 1873 is as follows:
"No sale, contract or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any creditor or purchaser of the vendee or lessee in actual possession obtained in pursuance thereof, without notice, unless the same be in writing, executed by the vendor or lessor, acknowledged and recorded as chattel mortgages."

The pivotal question is, do the facts of this case bring the transaction within the provisions of this section. If they do, then, as the paper evidencing the contract was not acknowledged nor recorded, the condition, as to a creditor or purchaser of the vendee without notice, is void, and as to such person, the sale is absolute. Although the section provides that no sale, *contract* or lease shall, under the circumstances named, be valid, yet it is apparent from the section taken together that the *contract* referred to is one creating the relation of vendee or lessee, for the only persons named against whom it is declared the contract shall not be valid are creditors or purchasers of the vendee or lessee without notice.

CONTRACT: conditional sale.

Now the contract is that Legg is to take and carry the watch for thirty days on trial, at the end of which time it is to be returned, if not found satisfactory. If found satisfactory, at the expiration of 30 days Legg is to pay $15.00 down, and afterward $5.00 a month, until the watch is paid for. It is apparent that the relation of vendor and vendee does not under the contract exist, until, after the lapse of thirty days, Legg either elects to keep the watch, or neglects to return it. The finding of facts shows that the watch was levied upon by the constable,

as the property of Legg, before the thirty days expired. It was then merely in his possession upon trial, with a view to making a purchase of it, if it should prove satisfactory. We are of opinion that, at the time of the levy, there was no conditional sale, coming within the provisions of the section of the Code above named.

It follows that the watch was not subject to the debts of Legg, though for reasons different from those assigned in the court below.

AFFIRMED.