## KAHN vs. KLABUNDE.

*September 21 — October 12, 1880.*

*Sale on approval: Effect of unauthorized use.*

Where A. takes to his own home a horse of B., intending to purchase it if satisfactory, with an understanding that he is to use it by way of trial until a specified time, and then, if not satisfied, bring it back to B., or, if too busy for that, to let it stand *unused* until B. comes for it, and A. continues to use the horse after the time so fixed, and then refuses to buy and offers to return it, this is evidence *for the jury* on the question whether A., at the time so fixed, had determined to retain the horse, and is therefore liable for the price, but is *not conclusive* evidence.

APPEAL from the Circuit Court for *Outagamie* County.

Plaintiff appealed from a judgment for the defendant. The case is thus stated by Mr. Justice TAYLOR:

"This is an action to recover of the defendant the price of a mare which plaintiff claims he sold to him. There are no questions raised on the pleadings. Upon the trial in the court below, the plaintiff swore that a price was fixed on the mare of $160; that, after trying the mare in town, 'I told the defendant to take the mare home and try her until Tuesday night, and if at the end of that time the mare would not go on the reaper, he should bring her back; but in case he was busy, and did not want to keep her, to let her stand till I came out. He took her home, and did not bring her back on Tuesday night; so I went out a few days after, either Friday or Saturday, with my hired man, and defendant was down in the field working a team.' The plaintiff's evidence also tended to show that the defendant, after said Tuesday, worked the mare for two or three days and until the plaintiff came to defendant's house on Friday.

"The evidence on the part of the defendant tended to show that the bargain was, 'that the defendant should take the horse two or three days on trial, and the plaintiff agreed to

come out to the defendant's after two or three days, and if the mare did not suit he would take her back, and if he did not come at the end of two or three days the defendant might work the mare until he came. And so he took the mare on trial.' This was on Saturday, and defendant says the plaintiff was to come out on Tuesday. The evidence shows that the plaintiff did not go out to the defendant's until Friday, and that the defendant did work the mare some after Tuesday and until the plaintiff came out on Friday. There is some dispute as to whether the defendant offered to return the mare to the plaintiff on Friday. Defendant and his witnesses swear that he did offer to return her, and that he declared the horse did not suit and would not work well on the reaper. The plaintiff refused to take the horse, and demanded that defendant should give his note for the purchase price, and the next day commenced this action. There is also some evidence that defendant worked the mare after the plaintiff refused to take her back on Friday, but this is denied by the defendant and his witnesses.

"The issues were tried by a jury, who returned a verdict for the defendant. The plaintiff appeals to this court, and assigns as error, *first*, that the court erred in refusing certain instructions which were requested by him. The appellant asked the court to instruct the jury that if they found the contract as testified to by him and his witnesses, and if they also found that the defendant worked the mare after Tuesday, and before the plaintiff came out on Friday, then they should find for the plaintiff. He also requested the court to instruct the jury that if they found that the defendant used the mare after Friday, when he claims he offered to return her to the plaintiff, 'such use would be inconsistent with the claim that he had abandoned his purchase, or at least would be strong evidence tending to show that he considered the horse his, notwithstanding his claim that he had rescinded his contract.' The court refused the instructions asked, and in substance in-

structed the jury that whether the defendant worked the mare after Tuesday, the time fixed within which he should try her, and make up his mind whether he would take her or not, was entirely immaterial. The giving of this instruction is alleged as a *second* ground of error."

For the appellants there was a brief by *Barnes & Goodland*, and oral argument by *Mr. Goodland*.

*William Kennedy*, for the respondent.

TAYLOR, J. We think the court properly refused the instructions asked by the appellant. Taking his own statement of the contract, the defendant took the mare on trial until the Tuesday night following the Saturday when there was a talk of his buying her. He was to try her until Tuesday night, and if he did not then want to keep her he should bring her back, or, if he was busy and did not want to come, he should let her stand until the appellant came out after her. Under this contract the defendant had until Tuesday night to determine whether he would keep the mare or not, and the question was whether on Tuesday night he concluded to keep her, or intended to return her when plaintiff came out as he agreed to do. If the contract had been that the defendant should immediately return the mare after Tuesday if he did not like her and intend to keep her, then his failure to return her at the time fixed, unless he showed a sufficient excuse for not returning her, would have been conclusive evidence of his intention to keep her and pay for her as agreed. See Benjamin on Sales, § 595, and cases cited. But, according to the plaintiff's own evidence, he was not bound to return the mare immediately after Tuesday night, in case he made up his mind not to keep her, but was at liberty to keep her in his possession until plaintiff called for her, but without right to work her in the meantime. Under these circumstances the use of the horse after Tuesday, though not authorized by the plaintiff, would not be conclusive evidence that the defendant had

made up his mind to keep her on Tuesday night. The fact that defendant did work her after Tuesday night was, we think, competent evidence to go to the jury upon the question of the defendant having determined to keep her, but it was not conclusive evidence; and the appellant having asked the court to instruct the jury that such working was conclusive upon the defendant, the instruction was properly refused. In any view of the case, the evidence proved what is denominated a " sale on trial " or " approval," or a " sale or return." In such cases the sale is not consummated, and the title remains in the vendor after the delivery and until the approval is signified by the vendee, or until he so conducts himself with regard to the property that the law will presume that he has approved of the property and is satisfied to keep it as his, on the terms agreed upon. See Benjamin on Sales, *supra; Mowbray v. Cady,* 40 Iowa, 604; *Hunt v. Wyman,* 100 Mass., 198.

In this case, the jury having found that the defendant offered to return the mare to the plaintiff at the time he called upon him, according to his agreement, and that he then expressed himself dissatisfied with her, he was clearly entitled to a verdict in his favor, unless the working her after Tuesday night was either conclusive evidence in the law that he had approved of her then and determined to keep her as his property, or was such evidence of such approval and determination as would satisfy the jury of the fact. As said above, we do not think the use of the mare after Tuesday was conclusive evidence against the defendant, but on the other hand we think such use was a fact which should have been submitted to the jury as evidence tending to show that he had determined to keep her as his under the proposed contract of sale. The learned judge of the circuit court erred, therefore, in charging the jury that such use was entirely immaterial in the determination of the question at issue.

This case differs essentially in its circumstances from *Fairfield v. The Madison Manuf'g Co.,* 38 Wis., 346.

In that case it was expressly agreed by Fairfield, "that if the machine failed to work he should lay it aside, and that if he used it more than two days he would consider the warranty fulfilled." And this court held that under that agreement the title did not pass until Fairfield had tried the machine for the two days; but if he used it more than the two days, he would be deemed to have accepted the machine, and would not be heard thereafter to allege that it did not work well.

This case does not sanction the proposition of the plaintiff in the case at bar, that because the defendant worked the mare after the time within which he was to determine whether he would purchase her or not, but while he had the right to keep her in his possession, the law will conclusively presume that he was satisfied with her, and had accepted her under the contract. The contract did not so provide, and although by the contract, as claimed by the plaintiff, it was implied that the defendant should not use the mare after Tuesday, if he did not then make up his mind to keep her, there was no agreement that if he did so use her such user should be considered conclusive evidence that he had determined to keep her and pay for her according to the contract. In the case cited above there was an express agreement that the use of the machine after a certain day should be deemed conclusive evidence that the vendee accepted the same, and he was therefore estopped by his agreement from alleging that the machine was not as warranted. In this case there is no such estoppel by agreement, and the plaintiff seeks to estop the defendant because he says the use was inconsistent with the defendant's claim that he was not satisfied with the mare on Tuesday, and then determined that he would not accept her upon the terms fixed by the plaintiff. Whether such use was or was not inconsistent with the defendant's claim that he had determined on Tuesday to reject the plaintiff's offer of sale of the mare for $160, was a question for the jury and not for the court. Unfortunately for

both parties, what was clearly a question of fact for the jury, was treated by the learned judge who tried the case in the court below as a question of law for the court, and for that reason the judgment must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.