[No. 1443. Decided December 26, 1894.]

SIMON RUMPF ET AL., *Respondents, v.* E. BARTO ET AL., *Appellants.*

BAILMENT—CONDITIONAL SALE—PLEDGE BY BAILEE—RIGHT OF OWNER TO RECOVER—INSTRUCTIONS.

Where goods are delivered to a person under an agreement evidenced by a memorandum as follows: "These goods are sent for your inspection, the property of Rumpf & Mayer, and to be returned to them within demand days. Sale only takes effect from date of their approval of your selection, and until then goods are to be held subject to their order," the transaction constitutes a bailment and not a conditional sale.

Where the bailee in such a case, without authority to sell or pawn, is given goods to show to a proposed customer, and the bailee delivers the goods to a third person to sell or pawn, and the latter pawns same and absconds with the proceeds, the legal owner is entitled to recover the possession of the goods.

In an action of replevin to recover stolen goods pledged to a pawnbroker, the defendant is not entitled to instructions on the theory, that he had a right to rely upon the apparent title or the apparent agency of the pledgor.

*Appeal from Superior Court, King County.*

*Blaine & De Vries*, for appellants.

*Fishback, Sapp & Ferry*, for respondents.

The opinion of the court was delivered by

STILES, J.—Replevin of diamond jewelry of the alleged value of $352.50. Verdict for plaintiffs, assessing the value at $275. Respondents delivered the jewelry in question to one Reichart, with the following memorandum :

"These goods are sent for your inspection, the property of Rumpf & Mayer, and to be returned to them within "demand" [in writing] days. Sale only takes effect from date of their approval of your selection, and until then goods are to be held subject to their order." (Description.)

Appellants claim that this paper shows a conditional sale, subject to record under the act of 1893 (Laws, p. 253); but upon its face we should denominate it only a memorandum of bailment for inspection until demand, as though the goods had been entrusted to a possible purchaser for examination, the matter of sale, at the price named, or return, being at his option. Under the evidence the goods were delivered to Reichart for the purpose of showing them to a third person to whom he represented he might be able to make a sale of them. Reichart had no customer, but he made an arrangement with one Mayberry, by which the latter was to sell or pawn the goods for not less than four hundred dollars, which sum was to be paid Reichart, and they were to divide the proceeds above that sum. This would have enabled Reichart to pay the price set by respondents, $352.50, and no one would have been the wiser. But Mayberry pawned them to appellants for $250, and ran away with the whole sum, he knowing that the goods did not belong to Reichart.

Appellants claimed to have bought the goods from Mayberry, he at the time being the apparent owner, and so representing himself. They were licensed pawnbrokers, and in order to avoid what they feared might be a legal necessity to foreclose on their pledges, they adopted a plan of taking from each pledgor a bill of sale, and gave in return an agreement to re-sell within a designated time for a sum including the amount loaned and interest. As between themselves and Mayberry appellants might have been able to maintain

the letter of their contract ; but respondents are held only to the actual transaction, which was that of pawning.

The first error urged was in the admission of the memorandum given Reichart, on the ground that it shows an unrecorded conditional sale. The paper was for the construction of the court, and bore nothing of the character of a sale ; nor did the evidence in any way qualify it.

Next it is complained that the court did not submit to the jury proper instructions on the theory that the appellants had a right to rely upon the apparent title of Mayberry, or if not that then upon his apparent agency. There may have been some error in the charges given (and of them there is also complaint) but none of them were harmful to the appellants. The charges refused were properly refused, because there was in the case, as presented, no question of apparent ownership or agency.

Mayberry was simply a thief who had got possession of the goods under a pretense of fairly selling or pawning them, and accounting for the proceeds, from one who had no authority either to sell or pawn, and appellants had no knowledge of any fact and relied upon no fact which would relieve them from the ordinary rules fixing the liability of persons purchasing, or loaning money upon, stolen goods. Neither party was in any way in fault, and in such a case the legal owner is entitled to the possession.

Judgment affirmed.

HOYT and SCOTT, JJ., concur.