## SALES OF MACHINERY ON APPROVAL.

(Judge Duncan of Hancock county sitting by invitation).

Common Pleas Court of Hardin County.

J. B. STAMBAUGH and J. F. STAMBAUGH v. THE CANTWELL
HARDWARE COMPANY.

Decided, April Term, 1917.

*Sales—When Title Passes When Made on Approval—Application of
the Statute—Rescission Must be Tendered—Or no Basis Exists for
Action Thereon.*

1. A machine sold with the express understanding that it will work well
   or it will not have to be paid for; that it will work satisfactorily;
   that it will do the work or the purchaser will not have to keep it,
   is a sale on approval under Rule 3 (2) of Section 8399 of the General
   Code, and the property therein does not pass until the purchaser
   signifies his approval to the seller or does some other act
   accepting it.
2. Under such contract, if no rescission has been tendered, no action lies
   in favor of the purchaser for breach of warranty; first because
   rescission is the exclusive remedy under the terms of the contract;
   and second, because "satisfaction" has no money value.

*Mahon & Mahon* and *Armstrong Stambaugh* for plaintiffs.
*Stillings & Dugan* and *Stickle & Cessna,* for defendants.

Duncan, J.

This action is for damages for breach of warranty of quality
in the sale of a gang plow.

The plaintiffs are farmers and owners of a large farm in this
county, a great portion of which is muck land. The defendant
runs a hardware store in the city of Kenton, and, in connection
therewith, sells agricultural implements.

On or about April 10, 1914, the defendant sold the plaintiffs
one J. I. Case engine gang plow on trial for the sum of $700,
with the express understanding that "it would work on muck
land or it would not have to be paid for;" that "it would work
satisfactory;" that "it would have to do the work or the plaint-
iffs would not have to keep it." The plow was delivered about
ten days later and the plaintiffs began to operate it in the muck

but with poor success. The plaintiffs thereupon gave the defendant notice of the failure of the plow to work successfully and two men with expert knowledge on the subject came on from the factory to adjust the plow to the conditions and to assist in its operation for a test. At their suggestion some new attachments were made and installed on the plow, and while this improved its operation somewhat, it still would not work well.

About the middle of May, while this situation existed, the defendant made demand for payment of the $700, but was informed by the plaintiffs that the plow was not giving satisfaction, whereupon the defendant assured them that if they paid for the plow then they would have the same protection as before; that if the plow did not do satisfactory work their money would be refunded, and the plaintiffs paid the $700 with this express understanding.

The representations as to its operation in the muck were made to induce the purchase and were relied upon by the plaintiffs in the transaction. It never did give satisfaction or work well in the muck, though a good plow for general purposes

From one hundred and fifty to one hundred and seventy-five acres were plowed on this trial when the plaintiffs decided it would not do the work and could not be made satisfactory, and purchased another plow. They were delayed somewhat in putting out their crop, but no special damage resulted. Had the plow measured up to these representations, it would have had a value of $700; its real value was $500.

This is a statement of the facts upon which the plaintiff's action for damages is founded. Ordinarily, where one sells personal property to another and there has been a breach of the warranty as to quality, the purchaser has the option of one of two remedies, viz, he may rescind by a return of the property or keep the property and sue for damages. Sec 8449, G. C., *Crooks Co.* v. *Eldridge-Higgins Co.*, 64 O. S., 195. But this option does not arise in case of conditional sales or a sale depending on a condition precedent. This was not an executed sale. It was not to be a sale unless the plow would work in the muck, and prove satisfactory to the plaintiffs as the result of a trial;

and unless it did, the plaintiffs would not be required to keep it. They made no tender of rescission, and the right to damages is excluded by the contract.

This for three reasons. First, there was no warranty but a condition precedent upon which the sale was to be complete. Second, to treat the plow as purchased under the contract, its acceptance is conclusive that it *would* work in the mud and *was* satisfactory. Third, "satisfaction" with reference to the operation of a machine is not capable of measurement in money.

1. Rule 3 (2) as laid down in Section 8399 of the General Code provides that

"When goods are delivered to the buyer on approval or on trial or on satisfactory or other similar terms, the property therein passes to the buyer when he signifies his approval or acceptance to the seller or does any other act accepting the transaction."

Benjamin on Sales (5th Ed.), 319, lays down the rule in this way:

"Where the buyer is by the terms bound to do anything as a condition, either precedent or concurrent, upon which the passing of the property depends, the property will not pass until the condition be fulfilled, even though the goods may have been actually delivered into the possession of the buyer."

And the Supreme Court in *Hayner* v. *State*, 83 O. S., 178, at page 193, after quoting the above from Benjamin on Sales makes this observation:

"Nor would it be delivery until the buyer had determined to accept, the rule being that an acceptance by the purchaser is as necessary an incident to delivery as a tender by the seller."

To illustrate the point the court refers to the case of *Bonham* v. *Hamilton*, 66 O. S., 82. In this case a promissory note with "approved security" was to have been given by the buyer for the property purchased. The seller did not approve the security. The first paragraph of the syllabus reads as follows·

"It is a general rule that, in case of the sale of goods, if nothing remains to be done on the part of the seller, as between him

and the buyer, before the thing purchased is to be delivered, the property in the goods immediately passes to the buyer, and that is the price to the seller; but if any act remains to be done on the part of the seller, then the property does not pass until that act has been done.''

I think the distinction is made clear between a condition prec· edent and an executed sale in *Hunt* v. *Wyman*, 100 Mass., 198. That was an action for the purchase price of a horse. The defendant was told by the owner that the horse was six years old, sound. kind, and afraid of nothing but goats, whereupon he proposed to the owner that ''if he would let him take the horse and try it, if he did not like it he would return it in as good condition as he got it,'' to which the owner assented and turned the horse over to the defendant's servant. But·before it.reached the defendant's place, it escaped from the servant. ran away, and was injured so seriously that it could not be used or removed prudently, and there was no opportunity for the defendant to try it. The court held:

''Upon the facts stated in this case, there was a bailment and not a sale of the horse. The only contract, aside from the obligation implied by law, must be derived from the statement of the defendant, that, if the plaintiff 'would let him take the horse and try it, if he did not like it he would return it in as good condition as he got it.' * * * An option to purchase if he liked is essentially different from an option to return a purchase if he should not like. In one case the title will not pass until the option is determined; in the other the property passes at once, subject to the right to rescind and return.''

The one is an option to buy, if the property proved satisfac· tory, and the other an option to return if unsatisfactory. 35 Cyc., 289.

Williston on Sales makes the distinction in this way:

Section 270. Rule 3. *Sale or return, or sale on approval.* It is evidently possible for the parties to agree that the buyer shall temporarily take the goods into his possession to see whether they are satisfactory to him, and that if they are not he may refuse to become owner. It is clear also that the same object may be obtained by an agreement that the property shall pass to the

buyer on delivery, but that he may return the goods if they are unsatisfactory. The first kind of bargain is called in the Sales Act a sale 'on approval,' or 'on trial,' or 'on satisfaction.' The second kind is called a bargain 'on sale, or return.'  *  *  * The question is one of fact in every case whether the parties intended to make approval a condition. without which the property should not pass, or whether their intent was that the property should pass at once with the right to return the goods.''

See also to the same effect: *Sturm* v. *Baker,* 150 U. S., 312 (37 Law, 1093) ; *Gottlieb* v. *Rinoldo* (Ark.) 93 S. W., 750 (6 L. R A., N. S., 273) ; *Wiggins* v. *Tumlin,* 96 Ga., 753 (23 S. E., 75) ; *Rumpf* v. *Barto,* 10 Wash., 382 (38 Pac., 1129) ; *Kahn* v. *Klaubunde,* 50 Wis., 235 (6 N. W., 888) ; *Wind* v. *Iler,* 93 La., 316 (27 L. R. A., 219) ; *State* v. *Betz,* 207 Mo., 589 (106 S. W., 64) ; *Osborne* v. *Francis,* 38 W. Va., 312 (18 S. E., 591) ; *Davis Caso E. Works Co.* v. *McHugh,* 115 Ia., 415 (88 N. W., 948).

Here, too, is the proposition that it is for the purchaser to say whether the operation of the machine is satisfactory. That the machine works well and the purchaser *ought* to be satisfied with it is not sufficient. The only qualification as to his conduct in this respect is that he must act in good faith. He is the sole arbiter of his own satisfaction, provided that any dissatisfaction on the part of the purchaser must be real and not feigned. *Campbell Printing Press Co.* v. *Thorp et al,* 36 Fed., 414 (1 L. R. A., 645) ; *Brown* v. *Foster,* 113 Mass., 126.

In *Wood R. & M. Machine Co.* v. *Smith,* 50 Mich., 565, it was held that where the vendor of a harvesting machine gave a warranty that the contract of purchase should be of no effect unless the machine worked to the buyer's satisfaction, it was held that the purchaser had reserved the absolute right to reject the machine and that his reasons for doing so could not be investigated.

In *McCormick H. Mach. Co.* v. *Chesrown,* 33 Minn., 32, plaintiff agreed to furnish defendant a cord binder guaranteed to work satisfactorily. It was held that in case, upon reasonable trial, it did not work satisfactorily, it was unnecessary for the defendant to return it to plaintiff, but it was sufficient for him, within a reasonable time, to notify the plaintiff, in substance, that it

did not work satisfactorily, and that he declined to accept it. See also 2 Elliott on Contracts Sec. 1605, and cases there cited.

2. To treat the plow as purchased, it follows that it was purchased under the contract. The plaintiffs can not convert the bailment into a sale under any other conditions than those specified in the bailment, viz., that the plow would work well in the muck and that they would be satisfied with it. Their election to keep it, therefore, would effect an agreement that the plow was satisfactory and would conclude them as to this fact.

This case is entirely unlike the case of *Smart* v. *Teeple*, 18 O. C. C. (N.S.), 544. In that case a horse was sold under a warranty and one of the conditions of the sale was that the purchaser, if not satisfied with the horse upon trial, *might* return him the next day and receive his money back. It was held that this was an optional condition; that where the language is permissive and not mandatory, the purchaser, at his option, may avail himself of the speedy remedy of rescission or waive it and sue at law for the breach of warranty. The distinction is explained in *Hunt* v. *Wyman,* 100 Mass., 198, and other authorities already referred to, as a sale with *right to return* as opposed to a sale *upon approval* as a condition precedent. It is also distinguished in the same way from *Eyers* v. *Hadden,* 70 Fed., 648.

3. "Satisfaction" has no money value. In *Campbell Printing Press Co.* v. *Thorp et al,* 36 Fed., 414 (1 L. R. A., 645), the plaintiff agreed to sell the defendants certain printing presses and guaranteed that the presses should be "free from defective material or workmanship, and should do their work satisfactorily." The action was for the price and the defendants sought to recoup by way of damages for breach of warranty. The referee to whom the case was referred found that neither of the presses were satisfactory to the defendants; nor did they do their work reasonably well; yet he found as a conclusion of law that the plaintiff was entitled to recover the full contract price, upon the theory that it was the duty of the defendants to reject the presses if they were not satisfied with them, but having kept them there was no method of estimating the loss they suffered by rea-

son of their dissatisfaction; in other words, that the value of a press that would work to their satisfaction, was not capable of pecuniary estimation. This holding was affirmed and the reasons therefor approved in an extended opinion by Judge Brown, concurred in by Judge Jackson, both of whom afterwards became Justices of the United States Supreme Court.

From the facts of this case and the law applicable thereto, as I view it, the plaintiffs' remedy was to tender back the plow and sue for the return of their money. The contract under which the plow was delivered, as well as the one under which the money was paid, is to the same effect, and the rights of the parties are fixed thereby. There will be a finding for the defendant. A motion for a new trial will be overruled and judgment entered on the finding. Exceptions.