[No. 23407. Department One. December 18, 1931.]

MATTHEW KILEY, *Individually and as Administrator, Appellant,* v. THROND P. BUGGE *et al., Respondents.*[1]

[1]Reported in 5 P. (2d) 1038.

678

 

*Revelle, Revelle & Kells,* for appellant.

*Eli M. Paulson* and *Howard A. Adams,* for respondents.

HERMAN, J.—Defendants, on the 25th day of April, 1929, made, executed and delivered their note and mortgage to Osner & Mehlhorn, Inc., for the purpose of having that corporation pay and cause to be discharged the note and mortgage held by the Metropolitan Life Insurance Company on the property described in the mortgage delivered on the above mentioned date. Their negotiations were conducted with August Mehlhorn, Jr., secretary of the corporation, to whom they delivered the note and mortgage. The note was payable to the order of Osner & Mehlhorn, Inc.

The original payee, on the fourth day of May, 1929, by a separate instrument assigned the note and mortgage to plaintiff. The note in question bears no indorsement. Plaintiff paid twenty-five hundred dollars for the note and mortgage, and received interest quarterly for one year after the purchase. Defendants did nothing in connection with the transfer of the note and mortgage by the payee to plaintiff; they knew nothing about the transfer until Osner & Mehlhorn, Inc., went into the hands of a receiver.

The mortgage held by the Metropolitan Life Insurance Company has not been discharged. There is now

due thereon principal, interest and penalty in the sum of approximately twenty-four hundred dollars.

Plaintiff contends that his mortgage constitutes a lien upon the real estate junior to the mortgage held by the Metropolitan Life Insurance Company. Defendants insist that there was no consideration for their note and mortgage which they gave to Osner & Mehlhorn, Inc.; that it was given because of the agreement of the original payee to pay and cause to be discharged the note and mortgage held by the Metropolitan Life Insurance Company; and that such agreement was not carried out by the original payee:

Plaintiff brought suit to foreclose his mortgage, and defendants answered, denying any consideration for the note, and praying for judgment canceling and discharging the note and mortgage. The trial court entered judgment for defendants, from which plaintiff appeals.

 Respondents rely upon the general proposition that, where the assignee of a mortgagee is not a holder in due course of a negotiable instrument for which the mortgage was given as security, the defenses which could have been set up against the mortgagee are available against the assignee of the mortgagee. They maintain there was no consideration for the note and mortgage, and are correct in their contention that the note was not indorsed or assigned in writing either upon the instrument itself or upon a paper attached thereto.

By virtue of Rem. Comp. Stat., § 3443, a holder in due course is a holder who has taken the instrument under the following conditions:

"(1) That it is complete and regular upon its face;
"(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"(3) That he took it in good faith and for value;

"(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Section 3421, Rem. Comp. Stat., provides:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery."

Section 3422, Rem. Comp. Stat., provides:

"The indorsement must be written on the instrument itself or upon a paper attached thereto. . . ."

Respondents, having established the fact that appellant was not a holder in due course, call attention to Rem. Comp. Stat., § 3449, which says:

"In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable. . : ."

We cannot hold that this statute determines the disposition of this case. Respondents invoked the equity power of the court when they prayed for judgment canceling and discharging the note and mortgage.

Where a loss that is occasioned by a wrongful act of a third party must fall upon one of two innocent parties, the one whose conduct made the loss possible must bear it, is a principle long recognized and followed. In the case at bar, the loss occurred because respondents placed in the possession of Osner & Mehlhorn, Inc., a note and mortgage, regular upon the face of the instruments, and duly made, executed and delivered by respondents. We cannot agree with their position, which is in effect that they may escape liability because these instruments were not used by Osner & Mehlhorn, Inc., as respondents intended they should be.

The case of *Marling v. Fitzgerald,* 138 Wis. 93, 120 N. W. 388, 23 L. R. A. (N. S.) 177, 131 Am. St. 1003, presents a situation similar in many respects to the case at bar. One Fitzgerald mortgaged premises to one Herman to secure the payment of his note for three thousand dollars. When the mortgage was given, Herman delivered to Fitzgerald an acknowledgment that Herman was to pay over to Fitzgerald a total sum of three thousand dollars, to be advanced as a proposed improvement on the mortgaged land progressed. Thereafter, Herman transferred the note and mortgage to Ellis, who, before the commencement of the action, assigned them to plaintiff, who thereby succeeded to all rights of Ellis to the note and the collateral security. The trial court refused to grant a judgment foreclosing the mortgage, and found for defendants. The supreme court of Wisconsin said:

"Manifestly, the note was not without consideration to support it, merely because the money called for thereby was not advanced at the time it was given, nor at all. The agreement to advance the money, and the creation of the relations of debtor and creditor between Herman and *Fitzgerald,* were amply sufficient to support the note, respecting the consideration feature, as the actual transition of the money from the former to the latter at the time the securities were delivered by the one to the other, would have been. . . .

"Counsel for respondent place their sole reliance on the idea that the note was without consideration at the start, hence without validity, which is wrong, as we have seen, and on the law merchant as incorporated into sec. 1676-19 of the Negotiable Instrument Statute (ch. 356, Laws of 1899), to the effect that the taker for value of a negotiable instrument without indorsement takes no better title than his assignee had thereunder, and sec. 1676-28, to the effect that a holder of negotiable paper, who does not acquire it in due course, is subject to the same perils as regards defenses by the

payor as the payee was. Those rules, as we have seen, give way to the supreme rule of *estoppel in pais*."

The court reversed the lower court, and remanded the cause for judgment in accordance with the prayer of the complaint.

In the case at bar, respondents made, executed and delivered their note and mortgage to Osner & Mehlhorn, Inc., expecting that the original payee would cause the discharge of the mortgage held by the Metropolitan Life Insurance Company. They did not require from the original payee evidence of the discharge of the prior mortgage. Had this been done by them at any time prior to the time appellant became the assignee of the note and mortgage, neither respondents nor appellant would have suffered any loss. An application of the principle that, where one of two innocent parties must suffer loss from the act of a third, the one whose conduct made the loss possible must sustain it, requires that appellant should be permitted to foreclose his mortgage.

The case is reversed and remanded, with instructions to proceed in accordance with this opinion.

TOLMAN, C. J., MITCHELL, PARKER, and BEELER, JJ., concur.