[No. 23628.   Department Two.   December 16, 1932.]

EATONVILLE STATE BANK, *Appellant,* v. W. MARSHALL, *Respondent.*[1]

*Weter, Roberts & Shefelman* and *Ernest M. Russell,* for appellant.

*James C. McKnight,* for respondent.

HOLCOMB, J.—This is a replevin action, wherein appellant sues to recover an automobile and damages for its detention, or, in the alternative, for its full value.

The material facts are not in dispute, and may be summarized as follows:

[1]Reported in 17 P. (2d) 14.

Appellant was the owner of a 1929 Ford automobile, acquired from a Ford dealer in Eatonville in satisfaction of a debt. In order to realize on this car, it turned it over to the Kirkland Motor Company, of Kirkland, a dealer in the products of the Ford Motor Company, giving the Kirkland Motor Company permission to exhibit and demonstrate the car to prospective purchasers; but no sale was to be made without appellant's approval.

Thereafter, the Kirkland Motor Company permitted one of its salesmen to take the automobile to Seattle on two different occasions, when and where he exhibited it to respondent, a dealer in second-hand cars, who, on the occasion of the second visit, about April 25, 1930, purchased the automobile, paying the salesman personally four hundred dollars and receiving a bill of sale, which this salesman signed as owner and seller, having represented himself as such in making the sale. No accounting was made of this sale to the Kirkland Motor Company, or to appellant, and the salesman was never thereafter seen nor heard from by any of the parties concerned. Following this disposition of the car, and before the institution of this action, appellant made demand upon respondent to return the car, which was refused.

By way of affirmative defense, respondent, in his answer, alleged that, at the time he paid for the automobile, he had no notice of any kind that appellant had any claim whatever thereto, but believed that the salesman owned the car and had the right to sell it; that, subsequent to this purchase, respondent had been informed that appellant was the owner of the car, but had turned it over to the salesman for the purpose of having him sell it. Respondent further averred that, in any event, he was an innocent party, and, being

more innocent than appellant, asked that he be relieved from any liability.

The cause was tried to the court without a jury, and resulted in a judgment of dismissal, from which has come this appeal.

We commence our consideration of this case with the basic doctrine of *caveat emptor,* as stated in 24 R. C. L. 373, § 662:

"It is a general rule as regards personal property that title, like a stream, cannot rise higher than its source; and therefore it is a general principle that no one can transfer a better title than he has, unless some principle of estoppel comes into operation against the person claiming under what would otherwise be the better title; . . ."

This same principle is announced in *State Bank of Black Diamond v. Johnson,* 104 Wash. 550, 177 Pac. 340, 3 A. L. R. 235, from which we quote:

"If the vendor has no title, the vendee acquires none; unless the one having title has by act or neglect estopped himself from disputing the vendee's claim of title so acquired."

The principle of estoppel, upon which the lower court decided this case and which is urged by respondent, is the doctrine of comparative negligence, which is that, where one of two innocent parties must suffer by the act of a third, the one whose conduct made the loss possible must be the sufferer. Such is the holding of this court in numerous cases, including *Linn v. Reid,* 114 Wash. 609, 196 Pac. 13; *General Motors Acceptance Corporation v. Arthaud Land Co.,* 118 Wash. 593, 204 Pac. 194; *Long v. McAvoy,* 133 Wash. 472, 233 Pac. 930, 236 Pac. 806, 44 A. L. R. 483; *Burtt v. Schoening,* 138 Wash. 187, 244 Pac. 381; *Doucette v. Old National Bank & Union Trust Co.,* 161 Wash. 159, 296 Pac. 570; *Northwestern Finance Co. v. Russell,* 161 Wash. 389,

297 Pac. 186; *Grays Harbor Finance Co. v. Sutcliff*, 165 Wash. 586, 5 P. (2d) 1002; *Kiley v. Bugge*, 165 Wash. 677, 5 P. (2d) 1038; *Sims v. United States National Bank*, 166 Wash. 119, 6 P. (2d) 601.

It is stated in Ewart on Estoppel, p. 298, that cases in which possession may be taken as indicative of ownership usually turn upon (1) the character of the chattel; or (2) the character of the place where the chattel is held; or (3) the customary employment of the person to whom it is intrusted. The above cited cases and those relied upon by respondent, wherein the doctrine of estoppel was applied, fall reasonably within the character of the possession of the chattel as expressed by Ewart. In other words, there were circumstances in addition to mere possession.

In the case at bar, however, we find no circumstance other than the mere possession. Certainly, possession alone, by whatever means acquired, if there be no other evidence of ownership, or authority to sell from the true owner, will not enable the possessor to give a true title. If such were not the law, then the mere loan of a chattel would estop the owner from asserting title against an innocent purchaser. It would nullify the doctrine of *caveat emptor*. This case is similar in facts and principle to *Rumpf v. Barto*, 10 Wash. 382, 38 Pac. 1129, which involved the replevin of jewelry that had been delivered under an agreement that no sale would take place until the owner approved. The bailee delivered the goods to a third person, who pawned same and absconded with the proceeds. The court, in holding that the owner was entitled to recover possession, said:

"Mayberry was simply a thief who had got possession of the goods under a pretense of fairly selling or pawning them, and accounting for the proceeds, from one who had no authority either to sell or pawn, and

appellants had no knowledge of any fact and relied upon no fact which would relieve them from the ordinary rules fixing the liability of persons purchasing, or loaning money upon, stolen goods. Neither party was in any way in fault, and in such a case the legal owner is entitled to the possession.''

In 3 Blashfield's Encyclopedia of Automobile Law, 2305, this rule is announced respecting automobiles:

''Where possession of an automobile was fraudulently obtained from the owner, and it was sold by the fraudulent possessors to a purchaser, who relied wholly upon their representations, and not on a bill of sale signed by the owner, the purchaser was not protected as against the owner; no theory of estoppel being tenable under such circumstances.''

See, also, *Grays Harbor Finance Co. v. Sutcliff*, 165 Wash. 586, 5 P. (2d) 1002.

It is true that respondent urges the existence of certain circumstances resulting from the causation of appellant in placing the automobile so that the fraudulent sale was made possible, but none of these circumstances could be said to reasonably result from appellant's conduct, and certainly, under the facts, it cannot be charged with any carelessness whatever. We therefore conclude that the doctrine of comparative negligence cannot here be asserted against appellant, and that appellant is entitled to a favorable judgment herein.

The trial court, having determined the case as it did, made no finding as to the value of the car at the time of its taking, or damages for its taking. Appellant urges that we fix the value and damages on the record as a trial *de novo*.

Findings are necessary in such a case as this. *Armour v. Seixas*, 80 Wash. 181, 141 Pac. 308 (not cited by either party). And also, on the matter of the

damages. *Breithaupt v. Martin,* 153 Wash. 192, 279 Pac. 568 (not cited).

The judgment is reversed, with directions to proceed in conformity herewith.

TOLMAN, C. J., BEALS, MAIN, and MILLARD, JJ., concur.