[No. 2590. Decided July 17, 1897.]

MARIE E. NOMMENSON, *Appellant*, v. C. C. ANGLE *et al.*, *Respondents.*

SATISFACTION OF MORTGAGE — RIGHT TO REINSTATEMENT AGAINST SUB-
SEQUENT LIEN.

Where a first mortgagee has released his mortgage of record, surrendered his note to the mortgagor, and taken a deed to the property under the mistaken belief that there were no other in-

cumbrances on the premises, while in fact there was a second mortgage thereon, the first mortgagee is entitled as against the debtor and the second mortgagee, or the assignee of the latter with notice, to be restored to his original rights and lien on the premises by a court of equity.

Appeal from Superior Court, Thurston County.—Hon. T. M. REED, JR., Judge.   Affirmed.

*Robinson & Linn*, for appellant:

The said respondent Daniel Finch, according to his own evidence, satisfied his mortgage of record without taking a single step for the purpose of ascertaining whether there were subsequent liens on this property.   Equity will not relieve on grounds of ignorance of facts which the party could have ascertained by the exercise of due diligence, where there is neither mistake, fraud or accident. *Fahie v. Pressey*, 2 Ore. 23 (80 Am. Dec. 401); *Belt v. Mehen*, 2 Cal. 159 (56 Am. Dec. 329); *Juzan v. Toulmin*, 9 Ala. 662 (44 Am. Dec. 448); *Hill v. Bush*, 19 Ark. 522; *Attwood v. Small*, 6 Cl. & Fin. 232; *Duke of Beaufort v. Neeld*, 12 Cl. & Fin. 248; Story, Equity Jurisprudence (3d ed.), §§ 148, 149; Pomeroy, Equity Jurisprudence, §§ 836, 859.

If the cancellation of a mortgage was intentional, it must stand, although a judgment thus becomes a prior lien against the interests of the parties to the cancellation. *Weidner v. Thompson*, 69 Iowa, 36; *Fort Dodge B. & L. Ass'n v. Scott*, 86 Iowa, 431; *Bleckeley v. Branyan*, 28 S. C. 445.

*George H. Funk*, for respondents Finch:

When a first mortgagee, by virtue either of fraud, accident or mistake, has released his mortgage of record and surrendered his note to the mortgagor, under the mistaken belief that there were no other incumbrances on the prem-

ises covered by his mortgage, and has thereby permitted what was formerly a second mortgage on said premises to become a nominal first mortgage, such first mortgagee is entitled as against the debtor and the second mortgagee, to be restored to his original rights and lien on the premises by a court of equity. 2 Jones, Mortgages (5th ed.), § 966; *French v. De Bow*, 38 Mich. 708; *Stover's Adm'r's v. Wood*, 26 N. J. Eq. 417; *Farmers & Drovers Ins. Co. v. German Ins. Co.*, 79 Ky. 598; *Vannice v. Bergen*, 85 Am. Dec. 531, and note; *Barnes v. Camack*, 1 Barb. 392; *Millspaugh v. McBride*, 7 Paige, 509 (34 Am. Dec. 360); *Geib v. Reynolds*, 35 Minn. 331; *Causler v. Sallis*, 54 Miss. 446; *Bruse v. Nelson*, 35 Iowa, 157; *Cobb v. Dyer*, 69 Me. 494; *Banta v. Vreeland*, 15 N. J. Eq. 103 (82 Am. Dec. 269); *Campbell v. Trotter*, 100 Ill. 281.

The opinion of the court was delivered by

Scott, C. J.—The plaintiff brought this action to foreclose a mortgage executed by the defendant Angle to one Christina Nommenson, in May, 1893, and by her assigned to the plaintiff. The defendant Finch had held a prior mortgage executed in November, 1890, on the lands covered by the plaintiff's mortgage. Thereafter, in July, 1894, said defendant, in pursuance of negotiations with Angle, took a quitclaim deed to said lands in payment of his mortgage debt, and entered a satisfaction of the mortgage of record. In his affirmative answer to the complaint Finch asked that the cancellation aforesaid be set aside, and that he be restored to his original rights under said mortgage, and that the same be decreed a prior lien upon the lands. The court having found in his favor, the plaintiff has appealed.

One Mottman was the agent of Christina Nommenson in

making the loan to Angle and obtaining the mortgage security to her, and was also the agent of Marie Nommenson, the plaintiff, in procuring the assignment of said mortgage, which was alleged to have been made in December, 1894, some months after the quitclaim deed had been executed to Finch, and his mortgage satisfied of record. The plaintiff contends that defendant Finch is not entitled to any relief under the facts shown, that the discharge of his mortgage and the acceptance of the deed were due to carelessness and negligence on his part in not examining the record for subsequent incumbrances, and equity should afford him no relief. The finding of the court that Mottman, appellant's agent, had full knowledge that Finch did not know of the existence of the second mortgage, and that Mottman knew that the same had not been paid at the time of the acceptance of the quitclaim deed, is contested.

Upon the first proposition, as to whether a party in discharging a first mortgage would be entitled to be restored to his rights thereunder as against a second mortgage then in existence where he had failed to make any examination of the records, the authorities are conflicting. But if the finding aforesaid of the court is to be sustained, we think under that finding that the weight of authority clearly sustains the decision of the lower court. *Hitchcock v. Nixon,* 16 Wash. 281 (47 Pac. 412); 2 Pingree, Mortgages, §§ 1241, 1243; 2 Pomeroy, Equity Jurisprudence (2d ed.), § 856.

There is a conflict between the testimony of Mottman and Finch as to what took place at the time of the cancellation of the mortgage. At that time Mottman was also acting as agent for Angle and he offered the deed to Finch. Finch says that when he discovered that it was a quitclaim deed he objected to it, and wanted to take it to his attorney, and suggested doing so, but, upon Mottman's repre-

sentations to him that the deed was all right, he accepted it without any investigation. Mottman concedes that he told Finch the deed was all right, but evidently means to be understood as having advised him that it was sufficient to pass the title, and that he did not consider a warranty from Angle as of any value in consequence of Angle's being insolvent. Mottman also says he did not know at that time whether the second mortgage had been paid or not. He made no mention of such a mortgage ever having been given, and it is apparent that Finch did not know of it. He says that his mortgage exceeded the value of the land and that he did not suppose anyone would take a second mortgage on it.

Without discussing the testimony in detail, we are fully of the opinion that it is not strong enough in favor of the plaintiff's contentions to justify a setting aside of the finding made by the lower court, and, under that finding and the testimony of Finch, the judgment re-establishing Finch's rights under his mortgage as a prior lien was right.

Finch also questions the finding of the court as to there having been a consideration for the transfer of the mortgage from Christina Nommenson to the plaintiff. These two parties and Mottman were related by marriage, and the testimony is not clear or satisfactory as to showing a consideration; but it is unnecessary to pass upon it, for the finding that Mottman had full knowledge of the situation is sufficient, even though he did not know at the time Finch canceled his mortgage whether the second mortgage had been paid or not. It is evident, if Finch's testimony is to be believed, that by reason of Mottman's representations as to the sufficiency of the deed, Finch was induced to forego counseling with his attorney in regard to accepting it, and that he would not have accepted it had he known of·the second mortgage. Had he counseled with his attorney he

would have been put upon his guard.    He desired a covenant against incumbrances and a good title.    Mottman had knowledge of the existence of the first mortgage when the second one was executed.    He does not claim that he thought the second mortgage had been paid at the time the quitclaim deed was accepted.    He merely says he did not know whether it had been or not.    It was his duty to have disclosed the situation to the defendant Finch—at least he should have said nothing to induce Finch to forego a full investigation of the matter.

Affirmed.

ANDERS, GORDON, REAVIS and DUNBAR, JJ., concur.