[No. 3040.   Decided December 16, 1898 ]

DANIEL STEWART, *Appellant,* v. F. W. EATON *et al., Respondents.*

MORTGAGES—MERGER.

Where two notes secured by the same mortgage are held by different parties and the holder of one note surrenders it to the maker and accepts a deed of the mortgaged premises, such act does not work a merger of his equitable lien, but he is entitled to intervene in a foreclosure of the mortgage by the other note-holder, and share *pro rata* in the proceeds of the sale.

Appeal from Superior Court, Walla Walla County.— Hon. THOMAS H. BRENTS, Judge. Affirmed.

*B. L. & J. L. Sharpstein,* for appellant:

We contend that Stubblefield's cancellation and surrendering up his note to the maker in consideration of the deed, with full knowledge of the fact that plaintiff was the owner of the other note, he is not entitled to be restored to his original right and lien as the holder of said note. Under such conditions, intervenor is not entitled to have the note and lien treated as still subsisting, or have it restored to him. *Fort Dodge Bldg. & Loan Ass'n v. Scott,* 53 N. W. 283; *Weidner v. Thompson,* 28 N. W. 422.

If the transactions between the defendants Eaton and

Stubblefield extinguished the indebtedness so that no recovery could be had upon it, then there is no mortgage debt and no security. *Rue v. Dole,* 107 Ill. 275; *Conway's Ex'rs v. Alexander,* 7 Cranch, 218 (3 L. ed. 321); *Slowey v. McMurray,* 72 Am. Dec. 251; *Mitchell v. Burnham,* 44 Me. 299; *McKinstry v. Conly,* 12 Ala. 678; *Hoopes v. Bailey,* 28 Miss. 328; *New York Life Ins. Co. v. Covert,* 3 Abb. App. 353; *Webb v. Hoselton,* 4 Neb. 318 (19 Am. Rep. 638); *Bleckley v. Branyan,* 6 S. E. 291.

*George T. Thompson,* and *Oscar Cain,* for respondents:

The rule of merger, as applied to mortgages, is that a merger takes place only when the whole title, legal as well as equitable, unites in the same person, and, where there is an outstanding intervening title, the foundation for the merger does not exist and the merger does not take place. *Gardner v. Astor,* 3 Johns. Ch. 53 (8 Am. Dec. 465); *Dutton v. Ives,* 5 Mich. 515; *Brooks v. Rice,* 56 Cal. 428; *Jordan v. Cheney,* 74 Me. 359; *Stantons v. Thompson,* 49 N. H. 272; *Loud v. Lane,* 8 Metc. 517; *Denzler v. O'Keefe,* 34 N. J. Eq. 361.

The test of merger is the intent of the parties, and wherever it is more beneficial to the person entitled to the charge to let the estate stand with the incumbrances upon it, than to take it discharged of the incumbrances, that circumstance will have a controlling influence in deciding on the implied intent, and equity will carry it into execution by preventing a merger, and by treating the charge as subsisting, and by admitting all the consequences for the protection of the party. *Watson v. Gardner,* 10 N. E. 192; *Campbell v. Carter,* 14 Ill. 286; *Pike v. Gleason,* 60 Iowa, 150; *Cooper v. Bigly,* 13 Mich. 463; *Watson v. Dundee Mtge. Co.,* 8 Pac. 548; *Starr v. Ellis,* 6 Johns. Ch. 395; *Webb v. Meloy,* 32 Wis. 319.

The opinion of the court was delivered by

DUNBAR, J.—F. W. Eaton and wife made and delivered to John F. Seeber two promissory notes, one for the sum of $1,000 and one for the sum of $209, and to secure the payment of these notes, executed and delivered to Seeber a mortgage on the property, which is now sought to be foreclosed. After the execution and delivery of said notes and mortgage, Seeber sold the note for $1,000 to one Stubblefield, and sold the other note of $209 to Daniel Stewart, the plaintiff in this action. These notes were given on the 17th day of May, 1892. In December, 1894, Stubblefield informed Stewart of his ownership of the note, and Stewart declined to join with him in an action to foreclose the mortgage. Stubblefield thereupon commenced an action without making Stewart a party, either plaintiff or defendant. After the service of the summons and complaint, Eaton and wife, in consideration of the dismissal of the action and the cancellation and surrender by Stubblefield of the note to him, conveyed the mortgaged land to him in fee, and said note was marked "paid" across its face. Subsequently Stubblefield sold the land to R. A. Dozier, and after the commencement of this action, the land was deeded back to Stubblefield. After the foreclosure action had been commenced by Stewart on the note which had been sold and assigned to him by Seeber, the court made an order requiring Stubblefield to be made a party. The plaintiff moved the court to vacate this order, but, before that motion was determined, Stubblefield filed his complaint in intervention, which plaintiff moved to strike out. The court overruled the motion and, upon the hearing, it was determined that there was due and owing to Stubblefield, on the cause of action set out in his complaint in intervention, the sum of $1,047.50, and interest thereon from the 17th day of May, 1893, at the rate expressed in the note, together with his costs, etc., and there

was found to be due to plaintiff the amount of his note with interest, etc. The mortgage was foreclosed and the premises ordered sold, the proceeds to be applied to the payment of the costs and disbursements and attorney's fees, and the balance to be applied pro rata to the amounts found due on the two notes, respectively. From this judgment plaintiff appeals, and it is contended that the court erred, (1) in refusing to decide and determine the cause upon the pleadings and evidence given on the trial; (2) in denying plaintiff's motion to strike out and dismiss the complaint in intervention; (3) in holding that the intervenor had a lien upon the mortgaged premises for the amount of said canceled note; (4) in decreeing that the intervenor share pro rata with the plaintiff in the proceeds of the sale of the mortgaged premises.

As we view the law governing this case, the determination of the fourth assignment is all that is essential, for, if Stubblefield lost his equitable right to foreclose the mortgage by accepting a deed for the mortgaged premises in lieu of the note, then he should not have been allowed to have intervened, and the land should have been decreed clear of all liens excepting plaintiff's lien. On the other hand, if the equitable right was not merged in the deed, plaintiff's rights have not been changed or interfered with in any way by the subsequent deeds from Stubblefield to Dozier and from Dozier back to Stubblefield. It is contended by the appellant that by reason of the surrender by Stubblefield of his note to the maker, in consideration of the deed, with knowledge of the fact that plaintiff was the owner of the other note, he is not entitled to be restored to his original right and lien as the holder of said note; that equity will only relieve a party from such a transaction where there is some mistake, misrepresentation, or fraud, and that, under the conditions as shown here, Stubblefield is not entitled to have the note and lien treated as still

subsisting and to have it restored to him; that this case does not involve the question of merger; that the fee and the lien are not held by Stubblefield at the same time, but that the extinguishment of the lien was the means by which he acquired the fee. We are' inclined to think, however, that this represents purely a question of whether or not there was a merger of the mortgage into the deed. Certain it is that, so far as the plaintiff's interests are concerned, they are in no' manner changed from what they were originally by the subsequent transaction between Stubblefield and the Eatons. When he became possessed of the note, his lien was co-equal with Stubblefield's lien, and nothing has since been added to or taken from it. Under the title of "Conveyance to Mortgagee," Mr. Pomeroy, in his work on Equity Jurisprudence (2d ed., vol. 2, § 793), says:

" Where a mortgagee takes a conveyance of the land from the mortgagor or from a grantee of the mortgagor, if the transaction is fair, the presumption of an intention to keep the security alive is very strong. It is generally for the interests of the party in this position that the mortgage should not merge, but should be preserved to retain a priority over other encumbrances. As the mortgagee acquiring the land is not the debtor party bound to pay off either the mortgage or the other encumbrances on the land, there is nothing to prevent equity from carrying out his presumed intent, by decreeing against a merger."

The general rule is that merger will be decreed or not, according to the intention of the parties at the time of the transaction, and, as it must be presumed that it is not the intention of the owner in equity to lose that right because the legal fee passes to him, we must conclude that in this case there is nothing to indicate the intention of Stubblefield to allow his equitable right to be merged in the legal title. It is true, also, that equity will not prevent a merger when it would work a hardship upon any one else, or carry

a wrong into effect, but it is plain that such results would not follow in this case, for the reasons which we have before stated, that the plaintiff's rights have not in any manner been diminished or restricted by Stubblefield's action in receiving this deed.

We think the judgment was the correct one, and it will therefore be affirmed.

SCOTT, C. J., and GORDON, ANDERS and REAVIS, JJ., concur.