NEW BERN COTTON OIL AND FERTILIZER COMPANY v. M. D. AND J. W. LANE, FORT BARNWELL AGRICULTURAL AND DEVELOPMENT COMPANY, AND J. D. FARRIOR.

(Filed 21 March, 1917.)

**Deeds and Conveyances—Registration—Notice—Corporations—Set-off.**

Where the owner of lands, subject to an unrecorded mortgage, has conveyed the same by deed to a corporation, which he and another practically owned, and to whom he afterwards sold his remaining shares, and subsequently became manager, and then the mortgage is recorded, it is *Held,* that the corporation were purchasers for value without notice of the unrecorded instrument, and the evidence was insufficient upon the question of fraud; and, further, a debt due the corporation from the mortgagees could not be allowed as a set-off to the mortgage debt.

CIVIL ACTION, tried at November Term, 1916, of CRAVEN, before *Lyon, J.*

The court sustained a motion to nonsuit plaintiff on its cause of action and directed a verdict for the Fort Barnwell Company on its counterclaim. From the judgment rendered, the plaintiff appealed.

*Moore & Dunn* for plaintiff.
*Ward & Ward* for defendants.

BROWN, J. The plaintiff sues to foreclose a mortgage executed by defendant M. D. Lane, 12 July, 1911, to secure $3,500, evidenced by seven notes of $500 each, indorsed by J. W. Lane, three of which remain due and unpaid. The mortgage was recorded 24 April, 1915. Some time prior to the registration of the mortgage the lands secured therein were conveyed to the defendant the Fort Barnwell Company for the recited consideration of $5,000. At that date the property conveyed was subject to several outstanding incumbrances. The deed was recorded 8 May, 1913. It appears in the evidence that at the time of the organization of the Fort Barnwell Company the defendant M. D. Lane was the owner of the stock in said corporation and sold to defend-ant Farrior one-half of the capital stock for cash under an agreement that the money was to be applied to the payment of prior encumbrances on the property, which was done. Farrior purchased the remainder of the stock in November, 1914. M. D. Lane testified substantially that no stock was issued when company was first organized for purpose of selling stock; that the property consisted of several farms, live stock, equipment, etc., belonging to him. Stock issued about 1 June, 1913, he and Farrior being officers; that he knew plaintiff's mortgage existed partly unpaid; that he was secretary-treasurer up to 1 December, 1914, afterwards general manager, employed by Farrior. Witness owned some stock up to December, 1914; that he did not tell Farrior about plaintiff's mortgage; could not say Farrior knew of its existence; had no ground to think so; never mentioned it. Farrior had no interest there except in the corporation; that he never told Ives, president of plaintiff; Farrior knew about the mortgage; that he agreed to sell Farrior half of the stock, among other things, and agreed to convey to the corporation the particular property in plaintiff's mortgage as a part of the transaction; that he told Farrior the land to be conveyed, and this was part of it, and part of the basis of the value of the stock.

The plaintiff asked witness Lane: "Did you not tell Ives on two occasions that Farrior knew all about that mortgage when he took over the property?" This question was properly excluded. It is well settled that in the absence of fraud actual notice of a prior unregistered deed or mortgage executed since 1 December, 1885, cannot affect the

rights of subsequent purchasers whose deed or mortgage has been duly recorded. No notice of a prior mortgage, however full and formal, will supply notice by registration. *Wood v. Lewey,* 153 N. C., 401; *Harris v. Lumber Co.,* 147 N. C., 631.

The court rendered judgment, for want of an answer, against M. D. Lane and J. W. Lane, and refused to enter a decree of foreclosure against the other defendants. In this there was no error. The stock issued by the Fort Barnwell Company was sold for value and the proceeds applied to prior incumbrances on the lands.

There is no evidence of fraud, and upon all the evidence the court properly held that said corporation, as well as Farrior, were bona fide purchasers for value prior to registration of plaintiff's mortgage.

The defendant's counterclaim is based on goods and merchandise sold by it to plaintiff and for which there is an admitted balance due of $274.77.

The plaintiff claimed the right to apply this to the Lane notes. The manager and president of plaintiff testified that the money was due unless it could be charged up as an offset against the Lane notes. His Honor properly held it was not a set-off, and directed a verdict on the counterclaim for defendant.

No error.