[No. 13686. Department Two.   May 7, 1917.]

COLMAN COMPANY, *Respondent*, v. THOMAS H. CUMMINGS *et al.*, *Appellants*, B. ROSENTHAL *et al.*, *Defendants*.[1]

VENDOR AND PURCHASER—BONA FIDE PURCHASER—NOTICE OF MORT-GAGE. Where purchasers requested the release of a mortgage upon one of two lots and knew or should have known of the execution of a new mortgage upon the other lot, which was not recorded for a few days, they took the two lots subject to the second mortgage.

Appeal from a judgment of the superior court for King county, Jurey, J., entered March 18, 1916, upon findings in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court. Affirmed.

*Oliver Hulback*, for appellants.

*W. H. Beatty* and *R. E. Thompson*, for respondent.

MOUNT, J.—Action to foreclose a real estate mortgage. On a trial of the case, the decree prayed for in the complaint

[1]Reported in 164 Pac. 744.

was entered.    The defendants Cummings and wife have appealed.

The only question presented in the case is one of fact, and that is, whether Cummings and wife, at the time they purchased the mortgaged property, knew of the mortgage, or had sufficient notice to put them upon inquiry.    After hearing all the evidence, the trial court found that the appellants did have notice of sufficient facts to put them upon inquiry concerning the mortgage.

It appears that, in 1909, B. Rosenthal gave to the respondent a mortgage on lots 20 and 21, block 5, Sea View Park, West Seattle, to secure a promissory note for $500.    Thereafter, in the year 1912, Mr. and Mrs. Cummings desired to purchase one of these lots, and requested the respondent to execute a release of the mortgage upon that lot.    The respondent agreed to do so, and did execute a release of one of the lots.    It appears that the lot released was not the one Mr. and Mrs. Cummings desired to purchase.    Thereupon, at the request of Mrs. Cummings and Mr. Rosenthal, the respondent executed a release of both lots, and took a mortgage back on lot 20 for the total amount due from Mr. Rosenthal, namely, $620.    This latter mortgage was not recorded for several days.    In the meantime, Mr. and Mrs. Cummings purchased both lots from Mr. Rosenthal and recorded their deed. Afterwards the mortgage was recorded.    The evidence is in dispute as to whether Mr. and Mrs. Cummings knew of the subsequent mortgage at the time they purchased both lots. After reading all the evidence in the case, we are satisfied that the preponderance is in favor of the respondent to the effect that Mr. and Mrs. Cummings either knew of the second mortgage or should have known of it.    Their deed, therefore, was subject to the mortgage.

The judgment is therefore affirmed.

ELLIS, C. J., PARKER, and HOLCOMB, JJ., concur.