[No. 13929.   Department One.   May 11, 1917.]

HENRY BORMANN, *Appellant*, v. C. B. HATFIELD, *Respondent*,
ALFRED J. VYVERBERG *et al., Defendants.*[1]

MORTGAGES—RELEASE INDUCED BY FRAUD—REINSTATEMENT—PRIOR-
ITY.   Where a first mortgage is released and a new one taken as a
substitute, upon the false representation of the mortgagor that there
are no intervening liens, and in ignorance of a second mortgage duly
recorded, equity will, in the absence of laches, restore the lien of the
first mortgage and give it priority, where the holder of the second
mortgage is not thereby prejudiced.

Appeal from a judgment of the superior court for Spokane
county, Albertson, J., entered November 10, 1916, upon find-
ings in favor of one defendant, in an action to foreclose a
mortgage, tried to the court.   Reversed.

*Adolph Munter* and *Richard S. Munter*, for appellant.

*Goodsell & Farrington*, for respondent.

WEBSTER, J.—This is an action to foreclose a real estate
mortgage.   On January 22, 1910, the defendants Vyverberg
executed and delivered to plaintiff their mortgage on two lots
situated in Spokane county, to secure the payment of a note
for the sum of $500, with interest.   On March 12, 1910, the
mortgage was duly lodged for record.   On July 18, 1911,
they executed and delivered to defendant Hatfield a mortgage
on the same property, to secure the payment of a note for
$3,700.   This mortgage was filed for record on July 22, 1911.
Subsequently to January 22, 1910, the plaintiff loaned the
Vyverbergs additional sums of money for which he held no
security.   In January, 1915, a settlement was made between
them by which it was ascertained that the Vyverbergs were
indebted to plaintiff in the sum of $1,724.47.   On February 3,
1915, the Vyverbergs executed a new note for this amount
and, simultaneously, executed to plaintiff a new mortgage on
the same property to secure the payment of the note.   On the

[1]Reported in 164 Pac. 921.

same day, plaintiff executed a release of the mortgage for
$500, bearing date January 22, 1910. On March 29, 1916,
plaintiff commenced this action to foreclose the mortgage for
$1,724.47, and having made Hatfield a party defendant,
prayed that the lien of the mortgage be decreed to be superior
to the lien of Hatfield's mortgage. Hatfield filed an answer
and cross-complaint, alleging the priority of his mortgage
over that of the plaintiff, and prayed for its foreclosure. For
answer to the cross-complaint, plaintiff alleged that, at the
time he executed the release of the mortgage for the sum of
$500, the defendant Vyverberg represented to him that there
were no other mortgages or liens upon the property; that, in
reliance upon this representation and believing the same to be
true, he executed the release; that the note secured by the first
mortgage had never been paid; that, at the time of executing
the release, he did not know of the existence of the mortgage
held by Hatfield, and did not learn of its existence until Feb-
ruary, 1916. He prayed that the release of the first mortgage
be cancelled; that the lien of the original mortgage be rein-
stated, and that, to the extent of the amount due thereon, he
be adjudged to have a prior and superior lien on the prop-
erty. On the trial of the cause, a decree was entered in favor
of the defendant Hatfield and denying the plaintiff the relief
prayed. The plaintiff appeals.

There is very little conflict in the evidence concerning the
controlling facts. The sole question for determination is this,
Is the plaintiff entitled in equity to have the release of the
first mortgage cancelled and set aside and to have the lien of
the mortgage reinstated and restored as a prior lien to that
of Hatfield's mortgage, the release having been executed in
reliance upon the representation of the Vyverbergs that there
were no other mortgages or liens upon the premises, and with-
out actual knowledge on the part of the plaintiff of the ex-
istence of the Hatfield's mortgage, it appearing that the dis-
charged mortgage was a valid and subsisting obligation duly

recorded and unreleased at the time of the execution of the mortgage to Hatfield.

Counsel for the defendant Hatfield insist that, according to plaintiff's testimony, he released his first mortgage of record without examining the public records for the purpose of ascertaining whether there were any intervening liens upon the property, and that equity will not relieve him on the ground of ignorance of facts which he could have ascertained by the exercise of reasonable diligence. This contention ignores the fact that it is established by the clear preponderance of the evidence that the defendant Alfred J. Vyverberg represented to both plaintiff and his counsel, at the time the release was executed and the new mortgage was accepted, that there were no other liens or incumbrances upon the property. This assurance was reasonably calculated to disarm vigilance on the part of the plaintiff and to induce him not to examine the records. We are also unable to see how Hatfield's rights or interests were in any way affected by failure of the plaintiff to examine the records.

The precise question presented by this appeal was before this court in the case of *Nommenson v. Angle,* 17 Wash. 394, 49 Pac. 484, and the identical contention made by counsel for defendant Hatfield was urged upon the court. It was there held that, where a first mortgage has been released by the mortgagee, the note secured by the mortgage has been surrendered to the mortgagor, and a deed to the mortgaged premises has been accepted by the mortgagee under the mistaken belief that there were no other incumbrances on the property, when in fact there was a second mortgage thereon, the first mortgagee is entitled, as against the debtor and the second mortgagee or the assignee of the latter with notice, to be restored to his original rights and lien under the released mortgage. It was said in the course of the opinion that it was the duty of the agent of the mortgagor having charge of the transaction to have disclosed to the mortgagee the true

situation of which the agent had knowledge, or at least that he should not have said anything to induce the mortgagee to forego making a full examination of the records. See, also, *Fitch v. Applegate*, 24 Wash. 25, 64 Pac. 147.

On the other hand, if mere constructive knowledge springing from the fact that the second mortgage is of record at the time the first mortgage is released and the new mortgage is recorded is sufficient to preclude the holder of the first mortgage from relief in equity against the release of his mortgage, a mortgage so released could never be restored as against the second mortgage if the latter had in fact been lodged for record. The doctrine would then be restricted in its application to cases where the second mortgage was not of record at the time of the release and, under such circumstances, there would be no need for a restoration of the released mortgage.

In Jones, Mortgages, § 971, it is said:

"When a new mortgage is substituted in ignorance of an intervening lien, the mortgage released through mistake may be restored in equity and given its original priority as a lien. This was done in a case where the holder of a first mortgage, in ignorance of the existence of a subsequent one on the premises, released his mortgage and took a new one. There was no evidence of mistake except such as might be inferred from the mortgagee's ignorance of the existence of the intermediate mortgage, and there was no evidence that he would not have made this arrangement had he known this fact; but it was considered that although the court was not at liberty to infer facts not proved, yet that it was at liberty to draw all the inferences which logically and naturally follow from the facts proved; that it is not an act of reasonable prudence and caution such as men commonly use in the conduct of business affairs for one having a first mortgage upon property, without consideration or other apparent motive, to release it, and take a new mortgage subject to a prior lien of a considerable amount; and therefore it may be inferred that the mortgagee would not have made the release had he known of the intervening mortgage. A court of equity will grant relief on the ground of mistake, not only when the mistake is

expressly proved, but also when it is implied from the nature of the transaction."

We are of the opinion that the rule, supported both by reason and by authority, is to the effect that, when the holder of a first mortgage takes a new mortgage as a substitute therefor and releases the original mortgage, in ignorance of an intervening lien upon the mortgaged premises, and especially if the release is induced by fraud or misrepresentation on the part of the mortgagor, equity will, in the absence of laches or other disqualifying fact, restore and reinstate the lien of the first mortgage and give it its original priority. The rule is, of course, subject to the limitation or qualification that, by restoring the discharged lien, the holder of the junior incumbrance must not be placed in a worse position than he would have occupied had the senior incumbrance not been released. To deny this relief and to refuse to restore for the protection of the first mortgagee the lien of the prior mortgage would be to permit the second mortgagee to unjustly profit by the mistake of the former, or to unconscionably avail himself of the fruits of a palpable fraud perpetrated by another to the injury of the victim of the fraud. Therefore, a subsequent mortgagee, who becomes such anterior to the discharge of a prior mortgage, cannot, with any show of reason or justice, claim to be injured by the setting aside of the subsequent release and restoring the lien of the prior mortgage. He is in no way prejudiced, but is left to enjoy exactly what he expected to get when he accepted the second mortgage. *Geib v. Reynolds*, 35 Minn. 331, 28 N. W. 923; *Bruse v. Nelson*, 35 Iowa 157; *Hutchinson v. Swartsweller*, 31 N. J. Eq. 205; *Robinson v. Sampson*, 23 Me. 388; *Cobb v. Dyer*, 69 Me. 494; *London & N. W. American Mtg. Co. v. Tracy*, 58 Minn. 201, 59 N. W. 1001; *American Bonding Co. v. National Mechanics' Bank* (97 Md. 598, 55 Atl. 395), 99 Am. St. 466, note.

The judgment will be reversed, and the cause remanded with direction to cancel the release and to reinstate the mortgage

of date January 22, 1910; and, to the extent of the principal and interest due thereon according to its terms, to decree to plaintiff a prior lien on the premises as against the defendant Hatfield.

ELLIS, C. J., MORRIS, MAIN, and CHADWICK, JJ., concur.