[No. 16997.  Department Two.  June 23, 1922.]

## H. W. BEECHER et al., Appellants, v. WALTER THOMPSON, Respondent.[1]

PLEADING (74)—REPLY—DEPARTURE—NEW MATTER NOT INCONSISTENT. In an action of replevin, in which defendant seeks equitable relief in the foreclosure of his lien, it is not a departure for the plaintiff to reply seeking foreclosure of a mortgage on the chattels, superior to defendant's lien.

LIENS (2)—CHATTEL LIENS—PRIORITIES—CHATTEL MORTGAGES—STATUTES. A chattel mortgage given before the furnishing of labor and material upon the chattel is superior to the lien for the labor and materials.

CHATTEL MORTGAGES (57)—TRANSFER OF PROPERTY TO MORTGAGEE—MERGER—PRIORITY OVER CHATTEL LIEN. A chattel mortgage is not merged, where the mortgagee acquires the legal title to the property by assignment, after the property had become subject to labor and material liens inferior to the mortgage, where there was nothing to indicate an intention to merge the title, which would have been detrimental to his interests.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered June 6, 1921, upon findings in favor of the defendant, in an action of replevin, tried to the court.  Reversed.

*Kerr, McCord & Ivey,* for appellants.
*E. L. Rinehart,* for respondent.

MACKINTOSH, J.—The trial court, upon the following findings of fact, entered a judgment in favor of the respondent, foreclosing his lien:

"(1) That plaintiffs, H. W. Beecher and Darrah Corbet, at all times herein mentioned were copartners as Beecher & Corbet, and Walter Thompson, defendant, a sole trader as Utility Garage.

[1]Reported in 207 Pac. 1056.

"(2) That on or about October 3, 1919, one A. B. Cody was the owner of one Packard truck, dump body, factory number 31477, model 4A; that on said date the said Cody gave a mortgage to plaintiffs on the said truck in the sum of $1,850 (one thousand eight hundred fifty dollars); that during the month of December, 1919, plaintiffs began foreclosure proceedings on said mortgage, which proceedings they abandoned on or prior to April 20, 1920. That on or about January 9, 1920, said truck was delivered to defendant for repair work, and conversion of the same into a trailer truck, defendant being an automobile repair and garage keeper; the delivery being made by said Cody. Of these facts plaintiffs were, when work was in progress, advised, and to which they at no time made objection. Defendant thereupon performed labor upon and furnished materials for the repair and alteration of said truck as aforesaid, of the value of $110.50 (one hundred ten dollars and fifty cents), and stored said truck from the said date of its delivery to him to the present time, without interruption, said storage being of the value of one hundred fifty dollars ($150), no part of either of said items has been paid; that on or about April 20, 1920, said Cody sold and assigned all interest in said truck to the plaintiffs by his legal representative, he having died prior thereto.

"(3) That defendant has a lien on said truck for the charges aforesaid; that no part of said charges have been paid."

The first question presented by this appeal is raised by the respondent, who claims that the appellants' reply constituted a departure from the complaint. The pleadings present the following situation: The complaint, which was one in replevin, alleges that the appellants were entitled to possession for the reason that they held the chattel mortgage upon the truck in question, and thereafter had received an assignment of the owner's interest therein. To the complaint the respondent answered, denying that the appellants were entitled to possession, and set up in a cross-complaint

his claim for a lien for services performed on the truck and asked foreclosure thereof. To the new matter in this answer the appellants filed an amended reply, which, in substance, states that, although the respondent may have a right to a lien, yet that the appellants would have a right to foreclose their mortgage as against such a subsequent lien, and asked that their mortgage be so foreclosed. It is the respondent's position that the action having been begun as one at law, the appellants are not entitled therein to the equitable remedy of foreclosure of their mortgage, and that such a departure cannot be sanctioned.

As we view the situation, the contention is without merit, for the reason that the respondent, by his cross-complaint, had asked the court of equity to foreclose his lien, and in answer thereto the appellants allege such rights as entitle them to equitable relief. If such pleadings were not allowed in this action it would only result in the prosecution of two suits instead of one, where the result would have to be the same as that obtained in the one action. We therefore hold against this position of the respondent.

There being no statement of facts in the case and no exceptions to the exclusion or admission of testimony, the only question is whether the findings of fact sustain the judgment. This brings up the question as to whether there has been a merger of the legal title and the interest of the mortgagee, so that the respondent is entitled to the foreclosure of his lien. The chattel mortgage given before the furnishing of labor and material upon the chattel is superior to the lien for such labor and materials. *Rothweiler v. Winton Motor Car Co.*, 92 Wash. 215, 158 Pac. 737. Therefore the appellants' mortgage gave them a right superior to the respondent's lien. The question is whether the subsequent acquiring of title by assignment of the legal title re-

sulted in a merger which could give preference to the respondent's lien over the appellants' title. The general rule is that the passing of the interest of both mortgagor and mortgagee into the same person does not result in a discharge of the mortgage on the theory of a merger, unless it was so intended by the parties. As stated in 11 C. J. 689:

"The assignment, of the interests of both mortgagor and mortgagee to the same person will not operate to discharge the mortgage on the doctrine of merger, unless the parties so intend it. A fortiori after the mortgagee has parted with his interest, an assignment of the equity of redemption to him does not extinguish the mortgage. The intention that the mortgage lien shall be extinguished will not be presumed where the interest of the purchaser of the mortgage and the mortgaged property requires that the mortgage shall remain in force, as where the result of merger would be to give priority to intervening liens, and a transfer of the mortgaged property to the holder of the mortgage, expressly subject to the mortgage debt, evidences an intention that no merger shall be effected."

This court has followed that rule in several decisions: *Hitchcock v. Nixon,* 16 Wash. 281, 47 Pac. 412; *Nommenson v. Angle,* 17 Wash. 394, 49 Pac. 484; *Stewart v. Eaton,* 20 Wash. 378, 55 Pac. 314; *Chase Nat. Bank of N. Y. v. Hastings,* 20 Wash. 433, 55 Pac. 574; *Fitch v. Applegate,* 24 Wash. 25, 64 Pac. 147; *Summy v. Ramsey,* 53 Wash. 93, 101 Pac. 506; *Connecticut Investment Co. v. Demick,* 105 Wash. 265, 177 Pac. 676.

The rule is stated as follows in the note to 39 L. R. A. (N. S.) 834 (*Pugh v. Sample,* 123 La. 791, 49 South. 526):

". . . the lesser estate in land will merge in the greater whenever the two estates are owned by the same person. This rule, however, does not apply where such merger would be inimical to the interests

of the owner, hence, unless an intention to merge with knowledge of a junior lien or liens clearly appears, no merger results from the acquirement by the holder of the senior mortgage of the interests of the mortgagor, and the senior mortgage retains its priority as against all junior or intervening liens upon the mortgaged property;''

There is nothing in this case to indicate any intention to merge the legal title and the interest of the mortgagee so that the priority which the appellants held over the respondent's lien would be lost. Equity will not hold transactions such as is revealed by the findings of fact here to be a merger when the natural conclusion from those facts must be, without any other evidence of the intention of the parties, that the mortgagee did not intend to have a merger result, it being more beneficial to him to maintain his interest under his prior mortgage, and there being no intention manifested to make the intervening lien superior to his prior rights or accept and pay such lien. As was said in *McCreary v. Coggeshall,* 74 S. C. 42, 53 S. E. 978, 7 L. R. A. (N. S.) 433:

''The view generally held is that merger is not favored in the courts of law or equity; and in equity at least it will not take place if opposed to the intention of the parties either actually proved or implied from the fact that merger would be against the interest of the party in whom the several estates or interests have united. This doctrine is sustained by an unbroken current of authority in the other states of the Union and in England.''

There is nothing in the circumstances surrounding this case which show other than an intention on the part of the appellants to hold their rights under the mortgage. Mere silence is not sufficient, the presumption being against the merger where it is to the interest of the mortgagee that there should not be one, the

taking of the legal title not being sufficient of itself to overcome that presumption.

It therefore follows that the judgment based on the findings is incorrect; the motion for a new trial should have been granted.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.