[No. 18687. Department Two. December 18, 1924.]

CARLO TORDELLO, *Respondent,* v. WILLIAM T. ELLISON, *Defendant,* T. M. JONES, *Appellant.*[1]

MORTGAGES (66)—PRIORITIES—RECORD—ACTUAL NOTICE. A second mortgagee, taking with actual knowledge of the existence of a prior unrecorded mortgage, takes subject thereto, although his mortgage was the first to be recorded.

Appeal from a judgment of the superior court for Kittitas county, Hawkins, J., entered April 26, 1924, upon findings in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court. Affirmed.

*Geo. E. Canfield,* for appellant.

*Eugene E. Wager,* for respondent.

MAIN, C. J.—This action was brought for the purpose of foreclosing a mortgage upon real estate. The defendant T. M. Jones resisted the foreclosure, claiming that he had a superior right under a prior mortgage. The cause was tried to the court without a jury, and resulted in findings of fact and conclusions of law sustaining the right of the plaintiff to foreclose. From the judgment entered in accordance with the findings and conclusions, the defendant Jones appeals.

The facts are these: On October 16, 1919, William T. Ellison mortgaged to the respondent a certain quarter section of land to secure the payment of a note for one thousand dollars due on or before two years after date. The indebtedness thus evidenced and secured was not paid when it became due, and on November 10, 1921, was renewed by the giving of another note secured by a mortgage upon the same property executed on that date. On December 27, 1921, Ellison, being then indebted to Jones in approximately the sum of two

[1]Reported in 231 Pac. 9.

thousand dollars, gave a mortgage to him to secure that indebtedness which covered the same property which had been mortgaged to the respondent, which mortgage was on December 28, 1921, filed for record in the office of the auditor of Kittitas county. The renewal mortgage by Ellison to the respondent was filed for record on December 31, 1921. When the renewal mortgage was made, a release of the first mortgage of Ellison to the respondent was executed by the latter and this was filed for record on December 31, 1921.

From the facts stated it appears that the Jones mortgage was executed and delivered subsequent to the renewal mortgage, but was filed prior thereto.

The case turns on the question as to whether Jones, at the time he took his mortgage, had actual knowledge of the existence of the prior mortgage. Upon this question the evidence is somewhat in conflict, but the distinct weight thereof appears to support the respondent's contention that Jones did have actual knowledge. Upon this question the trial court found:

"That at the time that the said mortgage, and the note, which the same was given to secure, was executed by the said William T. Ellison, to the said T. M. Jones, upon said described lands, the said T. M. Jones had actual knowledge of the fact, and knew that the mortgage herein sought to be foreclosed by the plaintiff was in existence, though unrecorded at said time, and the said T. M. Jones had notice of the fact that the said plaintiff's mortgage herein was a first lien upon said lands upon which the same was given, and was intended by all parties to be a prior mortgage to the mortgage executed on said date by the said William T. Ellison, upon said lands to the said T. M. Jones, . . . ."

The facts as found, as already indicated, are sustained by the weight of the testimony. Jones, having had knowledge of the existence of the prior mortgage,

even though it was not recorded at the time he received his mortgage, took subject thereto. A mortgagee, with knowledge of an earlier although unrecorded mortgage, takes subject thereto and will not be permitted by placing his mortgage first on record to gain priority over the earlier lien. *Roy & Co. v. Scott, Hartley & Co.,* 11 Wash. 399, 39 Pac. 679; *Hinchman v. Point Defiance R. Co.,* 14 Wash. 349, 44 Pac. 867; *Fenby v. Hunt,* 53 Wash. 127, 101 Pac. 492; 27 Cyc. 1198.

The case of *New Bern Cotton Oil & Fertilizer Co. v. Lane,* 173 N. C. 184, 91 S. E. 953, cited by the appellant, states a different rule, but the supreme court of North Carolina in that case, as shown by the cases cited in the opinion, based the holding upon a particular statute of that state.

Since Jones had notice of the prior mortgage, and for this reason cannot claim priority, it becomes unnecessary to review the other questions discussed in the briefs.

The judgment will be affirmed.

MITCHELL, FULLERTON, BRIDGES, and PEMBERTON, JJ., concur.