[No. 20607. Department Two. August 23, 1927.]

VERA HONEFENGER, *Respondent,* v. JOHN C. GREEN *et al., Defendants,* CHARLES SCHEMMEL *et al., Appellants.*[1]

[1] MORTGAGES (97)—ASSIGNMENT—BONA FIDE PURCHASERS—BURDEN OF PROOF. In an action by an assignee to foreclose a second mortgage, contested by one seeking to reinstate a prior mortgage theretofore released on fraudulent representations, the burden of proving that the plaintiff was not a *bona fide* holder in due course is upon the defendant, where the records show that plaintiff took his assignment after the release of the first mortgage was recorded.

[2] SAME (99, 126)—ASSIGNMENT—EQUITIES IN FAVOR OF THIRD PERSON—RELEASE—REINSTATEMENT. Under Rem. Comp. Stat., § 10596, providing that the recording of a mortgage shall be notice to all the world, the holders of a first mortgage cannot plead want of notice of the due recording of a second mortgage; and upon thereafter releasing their first mortgage under

[1] Reported in 258 Pac. 840.

fraudulent representations, and later seeking a reinstatement, they must assume the burden of proof that the second mortgage was thereafter assigned with knowledge of such facts as to bind the assignee and make his the inferior equity.

[3] SAME (126)—RELEASE—REINSTATEMENT. Findings that a released mortgage should not be reinstated as against the assignee of. a second mortgage, are sustained where the record at the time of the assignment showed, and the mortgagor represented, that the second mortgage was then a first mortgage, the assignment being for value and *bona fide* without actual knowledge of any equity in favor of the first mortgagees.

Appeal from a judgment of the superior court for Grant county, Parr, J., entered December 18, 1926, upon findings in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court. Affirmed.

*Louis A. Dyar,* for appellants.
*William M. Clapp,* for respondent.

HOLCOMB, J.—This action was instituted by respondent, as assignee of one William Williams, to foreclose a mortgage executed July 13, 1922, by defendants Green and wife, for $2,000, in favor of Williams; alleging that the lien of her mortgage was superior to any lien, right or claim of any of the defendants in the action, and praying judgment accordingly.

Appellants, by cross complaint, sought to reinstate, as a first mortgage, a mortgage which had been given by Green and wife to them on April 10, 1920, and duly recorded in the proper recording office, in the principal sum of $5,500, on the same lands, but released of record by them. Appellants charge defendants Green and wife with misrepresentation as to there not being a second mortgage at the time of the release of the $5,500 mortgage by appellants. They also, in their cross complaint, allege that respondent had actual notice that the Williams mortgage was a second mortgage. The affirmative allegations of the cross com-

plaint were put in issue by answer to the cross complaint.

While there is substantial conflict upon the material matters at issue in this case, the undisputed evidence does show that, in May, 1925, Green and wife were unable to meet their obligations to appellants and to Williams, the owner of the $2,000 mortgage, and entered into an agreement with appellants, whereby appellants received a quit-claim deed from the Greens and released the $5,500 mortgage, which release was filed and recorded in the proper recording office on May 18, 1925. Appellants then gave back a contract for the repurchase of the real estate in question by the Greens, upon certain conditions embodied in a written contract. All negotiations for the purchase of the Williams mortgage, on behalf of respondent, were conducted by her father, W. H. Honefenger. The consideration for the assignment of the Williams mortgage was $2,000 worth of stock in a fertilizer company. There is no question upon this record but that the stock had a cash value, and whether it was one hundred cents on the dollar or fifty cents on the dollar, as appellants attempted to show was agreed upon, is immaterial. Respondent purchased the Williams mortgage in July, 1925, about two months after appellants had released their mortgage of record.

[1] After receiving the evidence, the trial court, among other things, found that respondent was an innocent purchaser and holder of the note and mortgage from Williams, in due course and for a valuable consideration; that, in purchasing the Williams mortgage, respondent had no knowledge or notice of any transaction between defendants Green and appellants, but purchased the Williams mortgage in good faith and without notice, either actual or constructive, or knowl-

edge or notice of any fact that would put a reasonably prudent man upon inquiry.

Appellants stoutly contend that the court seems to have been of the opinion that the burden of proof was upon appellants to show actual knowledge on the part of respondent. This, appellants contend, was incorrect. Under the issues, that burden was certainly upon appellants.

[2] It is also asserted that respondent did have knowledge of such facts surrounding the Green-Schemmel transaction of May, 1925, as constituted actual knowledge of those facts, which facts constitute sufficient to put her upon inquiry as to all other facts to which such inquiry would lead, and to the discovery that appellants had had a mortgage lien, prior and superior to the Williams mortgage, and released it of record, ignorant of the Williams mortgage; and that appellants had no knowledge of the existence of the Williams mortgage at the time they gave the release and took the quit-claim deed from the Greens.

The Williams mortgage had been of record in the proper county from and after July 27, 1922. The statute (Rem. Comp. Stat., § 10596) [P. C. § 1914], provides that, upon the recording of such instruments, it shall be notice to all the world. Such notice is in law as effective as actual notice. *Union State Bank of Wapato v. Warner,* 140 Wash. 220, 248 Pac. 394.

Appellants were, therefore, bound by notice of the existence of the Williams mortgage. Hence, when they released their own mortgage, taking a quit-claim deed to the premises covered by the mortgage, becoming the record owners of the real estate (a device no doubt conceived for the purpose of avoiding foreclosure proceedings), their mortgage being released of record, the mortgage of respondent, being prior to any other, then became a superior and prior lien. Consequently, the

burden of proof undoubtedly is upon appellants to show knowledge of such facts as would bind respondent, so that the equity of respondent would be inferior to that of appellants.

Appellants cite our cases to that effect. *Mann v. Young,* 1 W. Terr. 454; *Elwood v. Stewart,* 5 Wash. 736, 32 Pac. 735, 1000; *Nommenson v. Angle,* 17 Wash. 394, 49 Pac. 484; *Bigelow v. Brewer,* 29 Wash. 670, 70 Pac. 129; *Colman Co. v. Cummings,* 96 Wash. 170, 164 Pac. 744; *Tordello v. Ellison,* 132 Wash. 20, 231 Pac. 9.

[3] Appellants also cite our cases which recognized the right to a reinstatement of a lien which was first in right against all who had no superior equity. *Fitch v. Applegate,* 24 Wash. 25, 64 Pac. 147; *Bormann v. Hatfield,* 96 Wash. 270, 164 Pac. 921, L. R. A. 1917E, 1052; *Connecticut Investment Co. v. Demick,* 105 Wash. 265, 177 Pac. 676; *Beecher v. Thompson,* 120 Wash. 520, 207 Pac. 1056, 29 A. L. R. 699.

Appellants, accordingly, seek to come within the rule announced in the foregoing cases and to show by the facts discussed that respondent had knowledge of the facts concerning the transaction between the Greens and appellants of May, 1925, and that she also had knowledge of such suspicious circumstances as put her upon the duty of further inquiry. The cases relied upon do not fit here.

We have examined the record with care and we are satisfied that it preponderantly sustains the finding of the court heretofore quoted. Williams and two other witnesses testified that they told the agent for respondent that the Williams mortgage was a first mortgage and worth what it called for. Williams himself was protected by the record, whether he examined it or not, because appellants' prior mortgage had been released of record, which was "notice to all the world." Ap-

pellants had become the record owners of the land. Williams had had information of some sort as to that state of the record. He knew that his mortgage then became a first mortgage. He therefore had the legal right to represent that his mortgage was a first mortgage, and respondent and her agent had the undoubted right to rely upon that representation.

From the record we are satisfied that there are no facts sufficient to justify the reinstatement, or sustain appellants' mortgage as a prior lien. It had been deliberately released of record, and, if a mistake, if anyone must suffer from that mistake, it must be appellants. There was no fault, collusion or fraud on the part of respondent, or her agent, conducing thereto.

The judgment is affirmed.

MAIN, MITCHELL, PARKER, and FRENCH, JJ., concur.